WENTWORTH, Judge.
Appellants, the employer/carrier (e/c), seek review of a workers’ compensation order awarding the appellee/claimant temporary total disability (TTD) benefits.
Appellants contend the deputy commissioner erred in awarding TTD benefits for the effects of a first accident while appellee was receiving permanent total disability (PTD) benefits for the effects of a second accident with a different employer. We reverse and remand with directions to dismiss this claim without prejudice to the refiling of the claim as one for modification, or to allow appellee to so amend the claim, since a claim for TTD benefits during continuity of PTD benefits should be disposed of as a claim for modification.
Appellee was an airline mechanic for appellant Pan American when he injured himself in an August 21, 1970 accident which required 14 knee operations. Appellee was paid permanent partial disability (PPD) benefits from November 1974 until January 1976 for a 30% permanent partial disability of the right leg. Appellee also was paid TTD benefits from January to February 1981. His average weekly wage was $183.35, with a corresponding compensation rate of $56 per week.
Appellee next worked for Acme Industrial Sheet Metal. He was injured there in an October 21, 1981 accident which resulted in a hip replacement. Acme accepted appellee as permanently and totally disabled based upon the permanent impairment of his right hip when merged with the permanent impairment of his right knee from the 1970 accident. Maximum medical improvement for both conditions was determined to be November 15, 1982. Appellee’s average weekly wage at Acme was $310.97, with a corresponding compensation rate of $207.31.
Appellee again had surgery on his right knee in November 1983. In that and two successive operations, the knee was removed and a prosthesis implanted. Appel-lee thereafter was unable to work. No maximum medical improvement date has yet been established for this surgery.
Appellee filed a claim against the first employer, Pan Am, for TTD benefits from November 27, 1983 to present. In his order, the deputy commissioner found that, although appellee was receiving PTD benefits during the period for which he claimed TTD benefits, he was entitled to TTD benefits at a rate of $56 per week.
We find the award of TTD benefits in this form to be in error. Appellee cannot, under the applicable statutory definitions,[1] be permanently and totally disabled and simultaneously temporarily and totally disabled. Instead, an award of TTD compensation based on the 1983 knee surgeries would require that appellant’s PTD benefits be suspended and TTD payments by the appropriate employer/carrier be provided.
The deputy commissioner found that as the circumstances of this case are not described in section 440.15(5), Florida Statutes, the provision covering benefits for subsequent injuries, “as a matter of law, it must be concluded that the legislature in describing those circumstances in which such recovery could not be had meant that a recovery could be had in any other circumstance.” Although the expressio uni-us est exclusion alterius maxim may serve as a guide when legislative intent is doubtful, its application here is unsound. Cf. Crawford, Statutory Construction, Interpretation of the Laws, sec. 195 (1940). Department of Revenue v. American Telegraph & Telephone, 431 So.2d 1025 (Fla. 1st DCA 1983). Section 440.15(5) provides for payment of benefits in certain *880 instances of subsequent injuries. The apparent inapplicability of its terms to the present claim dictates only the continued pertinence of the general definitions of temporary and permanent total disability and compensation therefor.
Appellee’s claim for TTD benefits could, subject to procedural infirmities such as parties and notice, be considered as a claim for a temporary modification of the prior order awarding PTD benefits on the basis of a change of condition. Upon appellee’s recovery from temporary disability, his permanent disability would of course be subject to reassessment by the parties.
The order is reversed and the cause remanded for amendment or dismissal of the claim.
BOOTH, C.J., and MILLS, J., concur.

. Section 440.15(1) and (2), Florida Statutes.