BARFIELD, Judge.
In this appeal from a workers’ compensation order awarding permanent total disability and catastrophic loss benefits, as well as payments to the claimant’s wife for attendant care services, we find that substantial competent evidence in the record supports the PTD and attendant care awards. However, we find that this claimant is not entitled to catastrophic loss benefits under section 440.15(2)(b), Florida Statutes (1979), because the statute specifically *467 provides that this increased temporary total disability compensation may in no event extend beyond six months from the date of injury. This claimant returned to work the day after the accident and continued to work for the employer for more than two years, later becoming permanently totally disabled by complications resulting from the initial injury. The language of the statute does not indicate that the Florida Legislature intended it to be applied in such a case. The deputy commissioner’s award of catastrophic loss benefits from the date of maximum medical improvement is therefore REVERSED, and the order is otherwise AFFIRMED.
Appellee’s motion for attorney’s fee is provisionally granted. In accordance with the rationale of Sierra v. Sierra, 505 So.2d 432 (Fla.1987), the parties may file within twenty (20) days of this date either a stipulation as to the amount of the fee to be assessed or affidavits as to the value of services on appeal. If there is no response within twenty (20) days, or if either party objects to proceeding on affidavits, Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA), cert. denied, 172 So.2d 601 (Fla.1964); Thoni v. Thoni, 179 So.2d 420 (Fla. 3d DCA 1965), the case will be remanded to the deputy commissioner for determination of the amount of the appellate attorney fee.
MILLS and WENTWORTH, JJ., concur.