511 So.2d 653 (1987)
A & J TIE BEAM SERVICE and American States Insurance Company, Appellants,
v.
Robert J. KENDLE, Jr. Appellee.
No. BP-318.
District Court of Appeal of Florida, First District.
July 29, 1987.
Rehearing Denied August 28, 1987.
Rex A. Hurley, of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellants.
Debra H. Pierce, of Lloyd and Hoskins, Ft. Pierce, for appellee.
MILLS, Judge.
The employer/carrier (e/c) in this workers' compensation appeal argue that the deputy commissioner (deputy) erred in finding the claimant entitled to catastrophic loss benefits. We decline to consider the merits of the argument because it was not preserved for review.
The e/c simply did not argue to the deputy that catastrophic loss benefits were not due, much less why they were not due. As we stated in Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783, at 785 (Fla. 1st DCA 1982):
[W]hen a plausible case for particular compensation is shown, all the carrier's impediments to promptly paying those benefits shall be made known to the deputy clearly and contemporaneously, and *654 in substantially the same detail as the carrier would later wish to urge upon us.
Mere general denial of entitlement to particular benefits will not suffice to preserve for appellate review specific legal theories in defense of claims. See Saunders Contracting v. Clemens, 492 So.2d 1379 (Fla. 1st DCA 1986).
Despite the e/c's failure to preserve the issue of entitlement to catastrophic loss benefits, we nevertheless find reversible error in the duration of the catastrophic loss award. The claimant was injured on 8 July 1985. The deputy awarded catastrophic loss benefits for 26 weeks beginning 10 December 1985. As we recently observed in Occidental Chemical Co. v. Howard, 508 So.2d 466 (Fla. 1st DCA 1987), section 440.15(2)(b), Florida Statutes, expressly provides that catastrophic loss benefits may in no event extend beyond six months from the date of injury.
We therefore reverse the award of catastrophic loss benefits for all periods more than six months from the date of injury, and remand for the deputy to determine whether the claimant is entitled to catastrophic loss benefits for any period from the date of injury to 10 December 1985. That portion of the present catastrophic loss award from 10 December 1985 to six months from the date of injury is affirmed.
The award of interest, penalties, and costs is affirmed with the proviso that interest and penalties on catastrophic loss benefits should be calculated based on the duration and amount of catastrophic loss benefits ultimately awarded. The deputy's reservation of jurisdiction to determine entitlement to and amount of claimant's attorneys' fee was proper.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SMITH, C.J. and ERVIN, J., concur.