728 So.2d 248 (1998)
SOUTHEASTERN STAFFING SERVICES, INC., Sunshine Staff Leasing, Inc.; Jet Enterprises, d/b/a Fat Boys' Barbeque of Sebring; ADF International, Inc.; Staffing Concepts, Inc.; American Eagle Masonry; Teamstaff, Inc.; And R & J Crane Service, Inc., Assessees and Appellants,
v.
FLORIDA DEPARTMENT OF INSURANCE, as Receiver of United States Employer Consumer Self Insurance Fund of Florida, and Florida Workers' Compensation Insurance Guaranty Association, Inc., Receivers and Appellees.
No. 97-4460.
District Court of Appeal of Florida, First District.
December 11, 1998.
Rehearing Denied March 5, 1999.
F. Townsend Hawkes of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, Attorneys for Assessee and Appellant Southeastern Staffing Services, Inc.
R. Dean Cannon, Jr. of Gray, Harris & Robinson, P.A., Orlando, Attorney for Assessees and Appellants Sunshine Staff Leasing, Inc., Jet Enterprises d/b/a Fat Boys' Barbeque of Sebring, and ADF International, Inc.
Thomas J. Jones and Susan L. Turner of Holland & Knight, L.L.P., Tallahassee, Attorneys for Assessees and Appellants American Eagle Masonry, and Teamstaff, Inc.
Eric B. Tilton of Gustafson, Tilton, Henning & Metzger, P.A., Tallahassee, Attorneys for Assessees & Appellants Staffing Concepts, Inc., and R & J Crane Service, Inc.
Thomas J. Korge, Mark J. Heise, Michael A. Hanzman, and Christopher G. Korge of *249 Hanzman, Criden, Korge, Haykin, Ponce & Heise, P.A., Miami; and Dennis Threadgill and Mary Schwantes of the Florida Department of Insurance, Division of Rehabilitation and Liquidation, Tallahassee, Attorneys for Receiver and Appellee Florida Department of Insurance.
Jacob A. Armpriester of Panza, Maurer, Maynard & Neel, P.A., Fort Lauderdale; and Kendall Coffey of Coffey, Diaz & O'Naghten, L.L.P., Miami, Attorneys for Receiver and Appellee Florida Workers' Compensation Insurance Guaranty Association, Inc.
BOOTH, J.
This appeal arises from an order of the trial court granting partial summary judgment in favor of Appellee Department of Insurance ("Department") acting as Receiver of an insolvent workers' compensation self-insurance fund (Fund). The order approved the Department, as Receiver, assessing Fund members for workers' compensation claims and awards, and administrative expenses of the receivership. Appellants challenge the right of the Receiver to assess members of the now insolvent Fund for claims paid by the Association.[1]
The United States Employer Consumer Self Insurance Fund of Florida ("Fund"), now in receivership, was created in 1991 pursuant to section 440.57, Florida Statutes,[2] and rule 38F-5.068, Florida Administrative Code. That act allows an employer/private business entity to combine with other employer/entities for the purpose of satisfying workers' compensation coverage requirements for their respective businesses. In 1993 the legislature created the Self Insurance Fund Guaranty Association ("Association")[3] to expeditiously pay injured workers' covered claims in the event a self-insurance fund were to become insolvent. § 631.905, Fla. Stat. (Supp.1994).
The particular Fund involved here became insolvent in 1995, and the Department placed it in receivership. Claims were paid by the Association, and the Receiver sought reimbursement from Fund members for claims paid by the Association on behalf of Fund members to injured employees.[4]See § 631.92, Fla. Stat. (1995). Fund members resisted the assessment primarily on the basis of their interpretation of sections 631.94 and 641.98, Florida Statutes (1995).
Florida Administrative Code rule 4-190.068 requires that "[e]ach self-insurers fund member shall enter into an indemnity agreement jointly and severally binding the... fund and each member....". The Fund's 1991 indemnity agreement follows the Code in providing that Fund members are jointly and severally liable for assessments and claims. The Fund's agreement also provides that "contracts for coverage shall be governed by the rules of the Division [of Workers' Compensation of the Florida Department of Labor and Employment Security][[5]] pertaining to self-insurers."
In the case at bar, the Receiver seeks reimbursement for claims paid by the Association. These claims arose from the Fund's insolvency. The indemnity agreement expressly authorizes the Fund's trustees to assess members for payment of lawful claims and awards. We hold that the Department, as Receiver, could make assessments for claims under the terms of the indemnity agreement. In Nova Insurance Group, Inc. v. Department of Insurance, 606 So.2d 429, 433 (Fla. 1st DCA 1992), this court recognized that the receiver "stands in the shoes of" an insolvent insurer. Colonial Restaurant *250 Corp. v. Department of Commerce, 248 So.2d 494, 498-99 (Fla. 4th DCA 1971), a restaurant self-insurance fund case, holds that an indemnity agreement providing for joint and several liability supports an assessment against the self-insurers for unpaid claims.
Appellants argue, however, that sections 631.94(1) and (6), Florida Statutes (1995), prohibit any assessment of Fund members in excess of their pro rata share as members of the Association.[6] Both Appellants and Appellees argue that section 631.98(1), Florida Statutes (1995), supports their respective positions. Review of section 631.98(1) reveals the source of possible confusion. Section 631.98(1) provides in pertinent part, as follows:
Effect of paid claims.
(1) Any person who recovers under this part is considered to have assigned his rights under the policy to the association to the extent of his recovery from the association. Every insured or claimant seeking the protection of this part shall cooperate with the association to the same extent as the insured or claimant would have been required to cooperate with the insolvent self-insurance fund. The association has no cause of action against the insured of the insolvent self-insurance fund for any sums it[[7]] has paid out except such causes of action as the insolvent self-insurance fund would have had if the sums had been paid by the insolvent self-insurance fund. [Emphasis supplied.]
The Association paid the compensation claims owed by member employers pursuant to chapter 631, Florida Statutes (entitled Florida Self Insurance Guaranty Association). The first sentence of section 631.98(1) assigns the Association the right of reimbursement from Fund members for payments made to workers' compensation claimants on behalf of the insolvent Fund.
Appellants urge, however, that the last sentence of the statute quoted above should be read to prevent the Association's recovery from the individual members of the insolvent Fund for claims paid. We hold that the third sentence of section 631.98(1) does not negate the first sentence, and, therefore, we reject the position urged by Appellants.
The third sentence of section 631.98(1), Florida Statutes, supra, has two functions, neither of which is pertinent here. The first part of the sentence prevents the Association from seeking reimbursement for claims paid by the insured, thereby preventing the Association from seeking reimbursement for what it did not, in fact, pay. The last part of the sentence following the word "except" preserves to the Association causes of action based on the Fund's payment of claims on behalf of Fund members. Neither provision of the third sentence of the statute is applicable here, where the Association is simply seeking reimbursement for funds the Association has paid.
For further assistance in interpreting the statute, and specifically the "it" in the last sentence, we look to the 1997 amendments to section 631.98(1), re-enacted as section 631.923(1), Florida Statutes (1997), modified to read:

*251 The corporation [Florida Workers' Compensation Insurance Guaranty Association] has no cause of action against the insured of the insolvent insurer for any sums the insured has paid out, except such causes of action as the insolvent insurer would have had if the sums had been paid by the insolvent insurer. [Emphasis supplied.]
The 1997 version of the statute is not controlling here. The amendment does, however, clarify the legislative intent and, to that extent, is relevant. See State ex rel. Szabo Food Serv., Inc. of North Carolina v. Dickinson, 286 So.2d 529, 531 (Fla. 1973).
The trial court's ruling holding Appellants liable for the assessment under the terms of their indemnity agreement is not therefore erroneous, and we affirm the trial court's order. Pursuant to rule 9.030, Florida Rules of Appellate Procedure, we certify the following question as being of great public importance:
DOES SECTION 631.98(1), FLORIDA STATUTES (1995), AUTHORIZE THE ASSOCIATION TO SEEK REIMBURSEMENT FROM THE MEMBERS OF AN INSOLVENT SELF-INSURANCE FUND FOR CLAIMS PAID BY THE ASSOCIATION TO THE INSOLVENT FUND'S INJURED WORKERS?
ERVIN and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] Appellants also argue that the assessment is an unconstitutional impairment of their private contractual rights and constitutes an impermissible taking of private property. We find these arguments to be without merit.
[2] This statutory provision was replaced by section 624.4621, Florida Statutes (1995).
[3] This was later replaced by the Florida Workers' Compensation Insurance Guaranty Association.
[4] The amount of the assessment is not at issue in this appeal. The Receiver initially calculated the assessment amount as $37,000,000; at the summary judgment hearing, the Receiver projected an assessment of $21,000,000.
[5] The legislature later transferred the regulation of workers' compensation self-insurance funds from the Division of Workers' Compensation to the Department of Insurance. See Ch. 93-415, § 76. Laws of Florida.
[6] "In any one year, a self-insurance fund's assessment may not exceed 1 percent of the self-insurance fund's net direct written premium in the calendar year immediately preceding." § 631.94(1), Fla. Stat. (1995). Section 631.94(6) authorizes the Association to assess members of a delinquent fund for the amount that would have been assessed that fund "as if the assessment had not been caused by it," and limits each member's liability to the proportion that the member's premiums bear to the premiums paid by the entire fund during that period.
[7] A question can arise as to whether "it," bolded and underscored in the statute quoted, supra, refers to "the association" or "the insured," supra. If the underscored "it," supra, refers to "the association," the last sentence of the statute is inconsistent with the first sentence, and the Association's cause of action against Fund members is restricted. Courts should construe statutes to give effect to all provisions, and not to render any part meaningless. See Unruh v. State, 669 So.2d 242, 245 (Fla. 1996). If the underscored "it," supra, refers to "the insured" (i.e., a member of the insolvent Fund), the Association's cause of action can be maintained against Fund member(s). A basic rule of statutory construction, "the doctrine of the last antecedent," supports the latter interpretation. Under that doctrine, qualifying words apply to the immediately preceding word rather than to other words more remote. See Ross v. State, 664 So.2d 1004 (Fla. 4th DCA 1995); Kirksey v. State, 433 So.2d 1236, 1241 (Fla. 1st DCA 1983), rev. denied, 446 So.2d 100 (Fla. 1984).