BENTON, J.
Ralph D. Smith appeals the denial of workers’ compensation benefits he sought on account of a construction accident that left him paralyzed. The judge of compensation claims concluded that Mr. Smith was not a covered “employee,” even though his certificate of exemption from workers’ compensation coverage had expired by the time the accident occurred. On cross appeal, too, Sunshine Companies (Sunshine), who leased employees to a subcontractor, and Compensation Benefits, Inc. (CBI), Sunshine’s workers’ compensation insurer, contend that the prime contractor, Don Stine Construction (Stine), is liable for benefits as Mr. Smith’s statutory employer. Agreeing with this contention, we reverse the order under review and remand for further proceedings.
Mr. Smith’s claim for workers’ compensation benefits against Stine as a so-called statutory employer arises under section 440.10(l)(b), Florida Statutes (1995), which provides:
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
Mr. Smith contends that he did not have a valid exemption from workers’ compensation coverage when he was injured while engaged on contract work Stine had sublet.
Stine contracted to build a Taco Bell store in Tampa, then subcontracted with Larry Rice Construction (Rice) to do the framing. Instead of finishing the job itself, Rice agreed to pay Mr. Smith $4,500 if he and his crew would frame and deck the roof and install the soffit and fascia. The judge of compensation claims found that Mr. Smith was not engaged as an employee either of Rice or of Sunshine. On November 28,1995, Mr. Smith and his crew — Billy, Ed, and Peanut — started work alongside Rice. Until after the fact, neither Stine nor Sunshine had any knowledge of Mr. Smith’s agreement with Rice and neither knew Mr. Smith was working. The following day, when Mr. Smith and his crew had the site to themselves, Mr. Smith fell from the roof and suffered the injuries that rendered him paraplegic.
Mr. Smith had filed with the Division of Workers’ Compensation two[1] notices of election to be exempt as a sole proprietor. The *338 certifícate that issued upon the second filing stated that the exemption was valid for a period of only two years from November 19, 1993, The certificate expired ten days prior to the industrial accident.[2] Mr. Smith never procured workers’ compensation coverage for himself, or for Billy, Ed or Peanut, whom he paid on an hourly basis.[3] Stine’s workers’ compensation carrier is Florida Preferred Risk (Preferred). Rice leased all of its employees from Sunshine. Sunshine obtained workers’ compensation insurance for these employees from CBI. Rice secured no workers’ compensation benefits for anybody. CBI has already expended in excess of $230,-000 providing Mr. Smith medical and indemnity benefits.
Mr. Smith filed requests for assistance followed by petitions for benefits against Stine, Rice, and Sunshine. CBI and Sunshine filed motions for reimbursement, contribution, indemnification, or exoneration against Stine, Preferred, and Rice. Consolidated for hearing,[4] these petitions and motions were all denied. Deciding a question of law, the judge of compensation claims ruled that Mr. Smith’s accident was not compensable on the ground that he was an independent contractor, not an employee.
Reviewing efe novo, we are persuaded this ruling reflects a misapprehension of the pertinent statutory categories.[5] In Arruda v. Gold Crest Kitchens, 642 So.2d 624, 625 (Fla. 1st DCA 1994), we said: *339 Under the factors articulated in Cantor v. Cochran, 184 So.2d 173 (Fla.1966), Arru-da would be appropriately considered an independent contractor, as the JCC con-cluded_ The JCC correctly found Ar-ruda’s work status to be that of a sole proprietor_ [S]eetion 440.02(13)(d)(5) states that a sole proprietor actively engaged in the construction industry is not an employee if he or she “elects to be exempt from the provisions of this chapter.” (Emphasis added.) No evidence was submitted that Arruda had elected to be excluded or exempted from chapter 440. We therefore conclude that Arruda is an employee of Gold Crest, rather than an independent contractor.
We reject the assertion of appellee, Cas-to Homes, Inc., the general contractor, that section 440.02(13)(d)(l), which provides that an independent contractor is not an employee, should apply to Arruda, because it is more specific than section 440.02(13)(e). On the contrary, the more specific language of sections 440.02(13)(c) and 440.02(13)(d)(5) appears to have been added to the definitional statute to ensure that sole proprietors in the construction trade are not considered “independent contractors,” unless they make an affirmative decision to come within such category.
In the absence of an election to be exempt that was effective when the industrial accident occurred, the statute treats Mr. Smith, like Mr. Arruda, as an employee for workers’ compensation purposes.
A person who is in fact an employee (rather than a corporate officer, a partner, or a sole proprietor) does not have the legal ability to elect to be exempt from chapter 440. The judge of compensation claims found, as a matter of fact, that Mr. Smith was a sole proprietor actively engaged in the construction industry. He therefore had the legal capacity to elect to be exempt from workers’ compensation coverage. But he did not have a valid certificate of election to be exempt at the time of the industrial accident. As a matter of law, section 440.02(13), Florida Statutes (1995), deems such a person a statutory employee.
Section 440.02(13)(c), Florida Statutes (1995), provided that “sole proprietor[s] ... actively engaged in the construction industry are considered employees unless they elect to be excluded from the definition of employee by filing written notice of the election with the division as provided in s. 440.05.” At the time Mr. Smith filed his notice of election to be exempt, section 440.05, Florida Statutes (1993), provided, in pertinent part:
*340 (3) Every sole proprietor ... who is actively engaged in the construction industry and who elects an exemption from the provisions of this chapter or who, after electing such exemption, revokes that exemption, shall mail a written notice to such effect to the division on a form prescribed by the division. The notice of election to be exempt from the provisions of this chapter must be notarized and under oath.... Upon receipt of the notice of the election to be exempt and a determination that the notice meets the requirements of this subsection, the division shall issue a certification of the election to the sole proprietor, partner, or officer_ A new certificate of election must be obtained each time the person is employed by a new sole proprietorship, partnership, or corporation that is not listed on the certificate of election .... The certification of the election is valid for 2 years or until the sole proprietor, partner, or officer revokes his election, whichever occurs first.
Mr. Smith filed his second notice of election to be exempt long before he started working for Rice. Ten days before the industrial accident, moreover, the resulting certificate expired by statute.
The judge of compensation claims predicated denial of the motions for reimbursement, contribution, indemnification or exoneration, as well as denial of Mr. Smith’s petition for benefits from Stine, on the erroneous conclusion that Mr. Smith was not an employee as defined by statute. But the lack of a valid certificate of election to be exempt from workers’ compensation coverage — given the finding that Mr. Smith was not an employee of Sunshine (or of Rice who, in any event, had secured no benefits) — requires the conclusion that Mr. Smith was Stine’s statutory employee. We therefore reverse the order under review, and remand for further proceedings consistent with this opinion.
Reversed and remanded.
BOOTH and PADOVANO, JJ., CONCUR.

. A third form notice of election — as to which the order under review reported "some mystery surrounding the notarization and filing” — surfaced after the accident. This document is immaterial *338 to our decision. The judge of compensation claims found:
A third form was executed by the claimant on an uncertain date, however, that was not notarized and filed with the Division until after the claimant’s accident.
No notice is effective "until 30 days after the date it is mailed to the division ... [unless] an accident ... occurs [in which event] ... notice is effective as of 12:01 a.m. of the day following the date it is mailed to the division.” § 440.05(4), Fla. Stat. (1995).

.We reject Stine’s contention that the form Construction Industry Notice of Election to be Exempt, LES Form BCM-204, which Mr. Smith filed on November 19, 1993, effected an exemption that outlasted his certificate. Under Florida Administrative Code Rule 38F-6.0I2, the notice itself was only “in effect for two (2) years from the effective date stated thereon.” Fla. Admin. Code R. 38F-6.012(3).
Effective January 1, 1994, the statute changed. Ch. 93-415, § 3, at 74, Laws of Fla. Filings on and after that date effected exemptions that lasted "until the sole proprietor, partner or officer revokes his election.” § 440.05(3), Fla. Stat. (Supp.1994). The amended statute contemplated that a new and different “form to be prescribed by the division,” § 440.05(3), Fla. Stat. (Supp.1994), would be used for such filings. Nothing in the amended statute suggested any purpose to leave thousands of certificates in circulation with erroneous and misleading termination dates.
After January 1, 1994, as before, workers remained free to reclaim their right to coverage under the workers’ compensation law by letting their certificates of exemption expire. Workers who wanted to remain exempt from coverage filed the appropriate forms and received new certificates firom the Division of Workers’ Compensation. Testimony of a Division employee made clear that new certificates were issued in such cases.
The statute was again amended effective January 1, 1999. Ch. 98-174, § 2 at 1545-46, Laws of Fla. The latest amendment specifies termination dates for certificates issued in the "window” between January 1, 1994, and December 31, 1998, and provides that certificates issued on and after January 1, 1999, “shall be valid for 2 years.”

. Larry Rice testified that he asked Mr. Smith if he had workers’ compensation coverage in the course of negotiating the job, and had told him that he would need to see proof of coverage or exemption before he could pay Mr. Smith. Mr. Smith testified that he did not recall this part of the conversation.

. The hearing was originally scheduled for November 6, 1996. On that day, Mr. Smith voluntarily dismissed his petitions for benefits. Hearing on CBI’s motions was also continued. When Mr. Smith refiled his petitions for benefits, the judge of compensation claims required him to pay appellees’ taxable costs. On appeal, Mr. Smith contends that this was error, but the issue is moot in light of our decision today. Mr. Smith will be entitled on remand to recover taxable costs, including those he was assessed. See Rose Printing Co. v. Wilson, 602 So.2d 600 (Fla. 1st DCA 1992).

. Section 440.10(g), Florida Statutes (1995), may have been the source of the confusion. It provides:
For purposes of this section, a person is conclusively presumed to be an independent contractor if:
1. The independent contractor provides the general contractor with an affidavit stating that he meets all the requirements of § 440.02(13)(d); and
2. The independent contractor provides the general contractor with a valid certificate of *339 workers’ compensation insurance or a valid certificate of exemption issued by the division. A sole proprietor, independent contractor, partner, or officer of a corporation who elects exemption from this chapter by filing a certificate of election under § 440.05 may not recover benefits or compensation under this chapter.
(Emphasis added.) This language might be read to imply that an independent contractor is somehow distinct from a sole proprietor. But a sole proprietorship can be an independent contractor just as a partnership or corporation can be.
In any event, the legislature has recently clarified the statutory language. Section 440.10(g) now provides:
A sole proprietor, independent — eentraot&fi partner, or officer of a corporation who elects exemption from this chapter by filing a certificate of election under § 440.05 may not recover benefits or compensation under this chapter. An independent contractor who provides the general contractor with both an affidavit stating that he or she meets the requirements of § 440.02(14)(d) and a certificate of exemption is not an employee under § 440.02(14)(c) and may not recover benefits under this chapter.
Ch. 98-174, § 4, at 1547, Laws of Fla. (codified at § 440.10(g), Fla. Stat. (Supp.1998)). Contemporaneous analysis of this amendment explained that it
[c]hange[d] the language of the Senate bill to clarify that an independent contractor who provides the general contractor with both an affidavit stating that he/she meets the requirements of an independent contractor (under § 440.02, FS) and a certificate of exemption is not an employee and may not recover benefits under this chapter. It also clarifies that the certificate of exemption for an independent contractor must be as a sole proprietor, corporate officer, or partner.
Fla. S. Comm, on Banking and Ins., SB 1406 (1998) House Message Summary Bill 1 (Apr. 28, 1998). While the amendment is not controlling here, the
amendment does ... clarify the legislative intent and, to that extent, is relevant. See State ex rel. Szabo Food Serv., Inc. of North Carolina v. Dickinson, 286 So.2d 529, 531 (Fla. 1973).
Southeastern Staffing Servs. v. Florida Dep't of Ins., 23 Fla. L. Weekly D2727, D2728, 728 So.2d 248, 251 (Fla. 1st DCA 1998).