751 So.2d 772 (2000)
CITY OF ST. PETERSBURG, Appellant,
v.
Carlos NASWORTHY, Appellee.
No. 1D99-1222.
District Court of Appeal of Florida, First District.
March 6, 2000.
*773 Nancy L. Cavey, St. Petersburg, for Appellant.
Gregory P. Linehan and Alex Lancaster of Lancaster & Eure, P.A., Sarasota, for Appellee.
WEBSTER, J.
In this workers' compensation case, the self-insured employer seeks review of an order which it contends incorrectly determined the amount of impairment income benefits to which the claimant was entitled. Because we agree that the judge of compensation claims erroneously computed the amount of impairment income benefits to which the claimant was entitled pursuant to section 440.15, Florida Statutes (1995), we reverse.
In January 1996, the claimant sustained a compensable work-related injury. The employer began paying temporary total disability benefits in February. The claimant's average weekly wages were $1,249.96, resulting in a weekly compensation rate of $833.35. However, by virtue of section 440.12(2), Florida Statutes (1995), the claimant's benefits were capped at the maximum compensation rate of $465.00 per week. In June 1996, the claimant reached maximum medical improvement, with a 29-percent permanent impairment rating. From June 1996 until February 1998, the employer paid weekly impairment income benefits of $232.50 (50 percent of the maximum compensation rate) to the claimant. The claimant filed a petition for benefits challenging the employer's calculation of those benefits. According to the claimant, he was entitled to $416.68 per week (50 percent of 662/3 percent of the average weekly wages). Following a hearing, the judge of compensation claims agreed with the claimant. This appeal follows.
Entitlement to impairment income benefits is conferred by section 440.15, Florida Statutes (1995), the pertinent portions of which read:

*774 (2) TEMPORARY TOTAL DISABILITY.
(a) In case of disability total in character but temporary in quality, 662/3 percent of the average weekly wages shall be paid to the employee during the continuance thereof, not to exceed 104 weeks except as provided in this subsection, s. 440.12(1), and s. 440.14(3). Once the employee reaches the maximum number of weeks allowed, or the employee reaches the date of maximum medical improvement, whichever occurs earlier, temporary disability benefits shall cease and the injured worker's permanent impairment shall be determined.
. . . .
(3) PERMANENT IMPAIRMENT AND WAGE-LOSS BENEFITS.
(a) Impairment benefits.
. . . .
3. .... Impairment income benefits are paid weekly at the rate of 50 percent of the employee's average weekly temporary total disability benefit not to exceed the maximum weekly benefit under s. 440.12. An employee's entitlement to impairment income benefits begins the day after the employee reaches maximum medical improvement or the expiration of temporary benefits, whichever occurs earlier....
The employer had concluded from section 440.15(3)(a)3 that the claimant was entitled to weekly impairment income benefits totaling 50 percent of the maximum compensation rate established pursuant to section 440.12(2), or $232.50, which sum it paid to the claimant. The claimant argued that he was entitled to 50 percent of his "average weekly temporary total disability benefit," provided that the resulting amount did not exceed the maximum compensation rate. According to the claimant, section 440.15(2)(a) set his temporary total disability benefit at 662/3 percent of his average weekly wages of $1,249.96, or $833.35. Because 50 percent of that amount was $416.68, a sum less than the maximum compensation rate, the claimant argued that he was entitled to $416.68, rather than to the $232.50 per week that the employer had been paying. Concluding that "a literal reading of section 440.15(3)(a)3" supported the claimant's argument, the judge of compensation claims held that the claimant was entitled to impairment income benefits of $416.68 per week. We conclude that the judge of compensation claims incorrectly interpreted section 440.15(3)(a)3.
Section 440.15(3)(a)3 clearly states that "[i]mpairment income benefits are payable weekly at the rate of 50 percent of the employee's average weekly temporary total disability benefit" (emphasis added). It is undisputed that the claimant's "average weekly temporary total disability benefit" was the maximum compensation rate established pursuant to section 440.12(2), or $465.00 per week. Fifty percent of $465.00 is $232.50, the amount paid by the employer.
Moreover, the interpretation of section 440.15(3)(a)3 proffered by the claimant and accepted by the judge of compensation claims incorrectly presumes that the phrase "not to exceed the maximum weekly benefit under s. 440.12" is intended to refer to the phrase "[i]mpairment income benefits," rather than to the phrase "the employee's average weekly temporary total disability benefit." Such a presumption would be at odds with the "doctrine of the last antecedent," which provides that relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, others more remote. E.g., Southeastern Staffing Services, Inc. v. Department of Ins., 728 So.2d 248, 250 n. 7 (Fla. 1st DCA 1998); McKenzie Tank Lines, Inc. v. McCauley, 418 So.2d 1177, 1179-80 (Fla. 1st DCA 1982). Accordingly, we conclude that the phrase "not to exceed the maximum weekly benefit under s. 440.12" was intended to refer to the immediately preceding phrase, "the employee's average weekly temporary total disability benefit." *775 The claimant argues that such an interpretation renders the phrase "not to exceed the maximum weekly benefit under s. 440.12" redundant. However, the employer correctly notes that section 440.15(2)(b) provides that catastrophically injured employees are entitled to six months of temporary total disability benefits at a special maximum compensation rate of $700.00, rather than the lower maximum compensation rate set pursuant to section 440.12(2). Considering this, it appears to us that the phrase "not to exceed the maximum weekly benefit under s. 440.12" in section 440.15(3)(a)3 is intended to make clear that, for purposes of computing the rate of impairment income benefits, the amount of temporary total disability benefits is capped at the maximum compensation rate set pursuant to section 440.12(2), even if the claimant had received catastrophic temporary total disability benefits pursuant to section 440.15(2)(b) which exceeded the section 440.12(2) maximum compensation rate.
In summary, we hold that the employer correctly concluded that the claimant was entitled to weekly impairment income benefits of $232.50. Accordingly, we reverse the order of the judge of compensation claims holding that the claimant was entitled to weekly impairment income benefits of $416.68.
REVERSED.
PADOVANO, J., CONCURS; KAHN, J., DISSENTS WITH WRITTEN OPINION.
KAHN, J., dissenting
I agree with the construction of section 440.15(3)(a)3. utilized by the judge of compensation claims. I would therefore affirm the award of weekly impairment benefits of $416.68. In my view, the "not to exceed" language of section 440.15(3)(a)3. imposes a cap upon impairment income benefits and does not simply restate the statutory cap on temporary total disability benefits. It seems to me that calculating and applying a cap should be the last step of the process. In this case, the JCC did not have to reach that step because the impairment benefit she calculated, $416.68 a week, is less than the statutory cap imposed upon appellee's temporary total disability benefit.