823 So.2d 288 (2002)
Troy NEAVINS, Appellant/Cross-Appellee,
v.
CITY OF ST. PETERSBURG, Appellee/Cross-Appellant.
No. 1D01-2039.
District Court of Appeal of Florida, First District.
August 12, 2002.
Enrique Escarraz, III, and Donald C. Anderson, St. Petersburg, for Appellant.
*289 Nancy L. Cavey, St. Petersburg, for Appellee.
BROWNING, J.
This appeal and cross-appeal stem from an order of the Judge of Compensation Claims (JCC), which found Appellant, a below-the-knee amputee, is entitled to permanent total disability (PTD) benefits from the date of his accident, but is not entitled to catastrophic temporary total disability (TTD) benefits because a claimant cannot be PTD and TTD at the same time.
Appellant argues three contentions: (1) that under sections 440.02(37)(b) and 440.15(1)(b), Florida Statutes (1999), amputation constitutes a catastrophic injury, and thus, he is entitled to PTD benefits; (2) that based on section 440.15(2)(b), Florida Statutes (1999), as an amputee, he is entitled to receive TTD benefits at 80 percent of his average weekly wage for six months from the date of accident; and (3) that as a result, he is entitled to catastrophic TTD benefits for six months from the date of his accident and, thereafter, entitled to PTD benefits. The Appellee/Cross-Appellant (the E/C) argue that in Temporary Labor Source v. E.H., 765 So.2d 757 (Fla. 1st DCA 2000), this court wrongly created a temporary period of PTD for catastrophically injured claimants and should recede from that opinion and affirm the JCC's order that claimant is not entitled to catastrophic TTD. We agree with Appellant.
On cross-appeal, the E/C argue the JCC erred by finding, as a matter of law, that Appellant was PTD from the date of his accident, because the E/C provided evidence that Appellant retained an earning capacity. The E/C note the JCC relied on this court's opinion in Temporary Labor Source, but the E/C argue that the Temporary Labor Source opinion is "illogical" and the record contains competent, substantial evidence that Appellant retained an earning capacity. We reject the arguments presented in the cross-appeal. The JCC is required to follow Temporary Labor Source, and she applied it correctly. Id. at 760 (holding "[u]nder section 440.15(1)(b), a claimant with a catastrophic injury, in the absence of a substantial earning capacity, is presumed to be PTD from the date of the accident."). Besides, the standard of review in workers' compensation cases is whether competent, substantial evidence supports the JCC's decision, not whether there is other competent, substantial evidence to support the argument rejected. Cumberland Farms, Inc. v. Manning, 685 So.2d 64 (Fla. 1st DCA 1996). The E/C admit the JCC relied on the testimony of several physicians to reach the conclusion that Appellant lacked a substantial earning capacity. Thus, the E/C's citation to contradictory evidence to support their argument for reversal is meritless. Id. Accordingly, we AFFIRM the issue on cross-appeal.
Further, we agree that Appellant is entitled to catastrophic TTD benefits. A catastrophic injury is a "permanent impairment constituted by ... [a]mputation of an arm, a hand, a foot, or a leg involving the effective loss of use of that appendage." § 440.02(37)(b), Fla. Stat. (1999). "Only a catastrophic injury as defined in s. 440.02 shall, in the absence of conclusive proof of substantial earning capacity, constitute [PTD] ..." § 440.15(1)(b), Fla. Stat. (1999). "[A]n employee who has sustained the loss of an arm, leg, hand, or foot, ... shall be paid [TTD] of 80 percent of her or his average weekly wage. The increased [TTD] compensation must not extend beyond 6 months from the date of the accident." § 440.15(2)(b), Fla. Stat. (1999). In interpreting these statutes, this court has held "the plain language of amended section 440.15(2)(b) compels" the conclusion that "an amputation of an entire hand or *290 foot ... will support enhanced [TTD] benefits." Showell Farms v. Carter, 633 So.2d 477, 480 (Fla. 1st DCA 1994); see also City of St. Petersburg v. Nasworthy, 751 So.2d 772, 775 (Fla. 1st DCA 2000) (holding "section 440.15(2)(b) provides that catastrophically injured employees are entitled to six months of [TTD] benefits at a special maximum compensation rate ..."). Such rationale applies here.
Appellant's right leg was amputated below the knee. Thus, he suffered a catastrophic injury, he is PTD, and he is entitled to catastrophic TTD benefits for six months following the date of his accident. § 440.15(2)(b), Fla. Stat. (1999); Showell Farms, 633 So.2d at 480; Nasworthy, 751 So.2d at 775. The cases relied upon by the JCC for the proposition that Appellant cannot be PTD and receive catastrophic TTD benefits are distinguishable from this case, because they deal with earlier versions of the statute. See Parades v. Peacock, 570 So.2d 1074 (Fla. 1st DCA 1990); Pan American World Airways v. Maguire, 499 So.2d 878 (Fla. 1st DCA 1986). However, the current version of the statute, as interpreted by Temporary Labor Source, Showell Farms, and Nasworthy, permits certain amputees to be PTD and also entitled to catastrophic TTD benefits. Accordingly, we REVERSE the JCC's conclusion that Appellant was not entitled to catastrophic TTD benefits.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
MINER and PADOVANO, JJ., concur.