881 So.2d 688 (2004)
Antoon VREULS, Appellant,
v.
PROGRESSIVE EMPLOYER SERVICES and RSKCo, Appellees.
No. 1D03-4926.
District Court of Appeal of Florida, First District.
August 30, 2004.
*689 Keith A. Mann, of Mann Legal Group, Sarasota, for appellant.
Cindy R. Galen, of Eraclides, Johns, Hall, Gelman, Eikner & Johannessen, L.L.P., Sarasota, for appellees.
WOLF, C.J.
Claimant challenges the Judge of Compensation Claims' (JCC's) calculation of permanent total disability supplemental (PTDS) benefits. The issue before the court is whether the JCC correctly calculated the amount of appellant's PTDS benefits pursuant to section 440.15(1)(f), by using the 66 2/3% permanent total disability (PTD) rate rather than the temporary total disability (TTD) 80% catastrophic rate.
The facts of this case are undisputed. Claimant/Appellant, Antoon Vreuls, was employed with Dutchmen Window Cleaning through appellee, Progressive Employer Services (E/C), a professional employer organization. On January 10, 2002, appellant fell approximately 36 feet while cleaning windows in the course of his employment. As a result of the accident, appellant became a paraplegic.
Appellee accepted claimant's accident and injuries as compensable. Although appellee originally paid TTD benefits at the rate of 66 2/3% of the average weekly wage (AWW) pursuant to section 440.15(2)(a), it later adjusted benefits using the 80% of AWW catastrophic TTD rate pursuant to 440.15(2)(b), and made these compensation benefits retroactive to the date of the accident. Appellee accepted appellant as permanently and totally disabled effective September 18, 2003. The parties stipulated that appellant's AWW was $767.97. On October 27, 2003, the JCC rendered a final order calculating appellant's PTDS benefits at the PTD rate (66 2/3% of AWW).
The crux of this appeal is the meaning of "weekly compensation rate" for the calculation of the PTDS benefits described in section 440.15(1)(f). Under section 440.15, PTDS benefits are 5% of the claimant's weekly compensation rate, to be paid out in addition to regular PTD benefits. Section 440.15, providing for compensation for disability, states in relevant part as follows:
Compensation for disability shall be paid to the employee, subject to the limits provided in s. 440.12(2), as follows:
(1) Permanent total disability. 
(a) In case of total disability adjudged to be permanent, 66 2/3 percent of the average weekly wages shall be paid to the employee during the continuance of such total disability.
(b) Only a catastrophic injury as defined in s. 440.02 shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent *690 total disability. Only claimants with catastrophic injuries are eligible for permanent total benefits. In no other case may permanent total disability be awarded.
...
(f)1. If permanent total disability results from injuries that occurred subsequent to June 30, 1955, and for which the liability of the employer for compensation has not been discharged under s. 440.20(11), the injured employee shall receive additional weekly compensation benefits equal to 5 percent of her or his weekly compensation rate, as established pursuant to the law in effect on the date of her or his injury, multiplied by the number of calendar years since the date of injury. The weekly compensation payable and the additional benefits payable under this paragraph, when combined, may not exceed the maximum weekly compensation rate in effect at the time of payment as determined pursuant to s. 440.12(2)....
(2) Temporary Total Disability. 
...
(b) Notwithstanding the provisions of paragraph (a), an employee who ... has been rendered a paraplegic, paraparetic, quadriplegic, or quadriparetic ... shall be paid temporary total disability of 80 percent of her or his average weekly wage. The increased temporary total disability compensation provided for in this paragraph must not extend beyond 6 months from the date of the accident. The compensation provided by this paragraph is not subject to the limits provided in s. 440.12(2), but instead is subject to a maximum weekly compensation rate of $700....
§ 440.15, Fla. Stat. (2001) (emphasis added).
Essentially, appellant argues that the PTDS benefits statute should be read as "the injured employee shall receive additional weekly compensation benefits equal to 5 percent of [the claimant's] compensation rate [on the date of the injury]." Appellant argues that on the date of the injury he became a paraplegic and his compensation rate was calculated at the catastrophic TTD rate, or 80% of claimant's AWW, as described in section 440.15(2)(b).
Appellee counters that this section should be read as "the injured employee shall receive additional weekly compensation benefits equal to 5 percent of her or his [PTD] weekly compensation rate, as [the formula for that PTD weekly compensation rate was] established pursuant to the law in effect on the date of her or his injury." The weekly compensation rate for a permanent and total disability injury occurring in January 2002 was 66 2/3% of the claimant's AWW. § 440.15(1)(a), Fla. Stat. (2001).
When the language of a statute is clear, unambiguous, and conveys clear and definite meaning, there is no reason for resorting to the rules of statutory interpretation and construction, and the statute must be given its plain and obvious meaning. See Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000); Tallahassee Mem'l Reg'l Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc., 681 So.2d 826 (Fla. 1st DCA 1996). The JCC correctly found that, based on the plain meaning of the statute, the compensation rate used in calculating PTDS benefits is the PTD compensation rate (66 2/3% of the AWW) and not the catastrophic TTD rate (80% of AWW). Three independent reasons support this interpretation.
First, the structure of section 440.15 enunciates all PTD benefits in subsection *691 (1), and all TTD benefits separately in subsection (2). Logically, had the legislature wanted to provide an increased rate for PTDS benefits in the case of paraplegia in subsection (1) of 440.15, it would have included rate language similar to that in section 440.15(2)(b). This is consistent with the doctrine of the last antecedent, relied upon by the JCC, which provides that "relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, other words or phrases more remote." City of St. Petersburg v. Nasworthy, 751 So.2d 772, 774 (Fla. 1st DCA 2000).
Second, the JCC rejected the theory that "5% of her or his weekly compensation rate, as established pursuant to the law in effect on the date of her or his injury" should be equivalent to the "compensation rate on the date of injury." The 80% of AWW weekly compensation rate which appellant urges this court to apply clearly is for "temporary total disability" benefits only. § 440.15(2)(b), Fla. Stat. These TTD benefits are subject to the limitations delineated in subsection 440.15(2). See Nasworthy; A & J Tie Beam Serv. v. Kendle, 511 So.2d 653, 654 (Fla. 1st DCA 1987) (reversing award of catastrophic loss benefits for more than six months, finding that TTD benefits for catastrophic loss pursuant to section 440.15(2)(b) "may in no event extend beyond six months from the date of injury" (emphasis in original)). Using the catastrophic TTD rate to calculate PTDS benefits would violate the limitations for TTD benefits.
Third, the workers' compensation administrative rules define "compensation rate" as "66 2/3 percent of the employee's average weekly wage pursuant to Section 440.14, F.S., as calculated by the carrier, as ordered by a Judge of Compensation Claims, or to which the parties have stipulated." Fla. Adm.Code R. 69L-3.002(6). The rules make no reference to applying the catastrophic TTD rate to PTD benefits.
Because the JCC gave the plain meaning to the language in 440.15(1)(f)1. in calculating the PTD supplemental benefits, we affirm the order.
KAHN and LEWIS, JJ., concur.