Dear Mr. Alfonso:
On behalf of the Pasco County, Clerk of the Circuit Court, you ask substantially the following question:
 Does section 741.07(1), Florida Statutes, authorize a minister, clerk or judicial officer from a state other than Florida to solemnize marriages within this state?
Section 741.07(1), Florida Statutes, provides in pertinent part:
 "All regularly ordained ministers of the gospel or elders in communion with some church, or other ordained clergy, and all judicial officers, including retired judicial officers, clerks of the circuit courts, and notaries public of this state may solemnize the rights of matrimonial contract, under the regulations prescribed by law. . . ."[1]
You state that the Clerk of the Circuit Court for Pasco County occasionally receives marriage licenses identifying the individual solemnizing the marriage as a minister of a church with no Florida affiliation or location in Florida. Additionally, there have been instances in which the individual identified as solemnizing the marriage is a judicial officer of another state. You therefore ask what the phrase "of this state" modifies.
It is a general rule of statutory construction that ordinary rules of grammar and punctuation are to be used in determining construction of a statute. The Legislature is presumed to know the meaning of words and rules of grammar and thus the Legislature's intent may be ascertained by giving the generally accepted construction not only to the phraseology of an act but also to the manner in which it is punctuated.[2]
Consideration of the grammatical construction of the statute leads this office to conclude that the phrase "of this state" refers to "all judicial officers, including retired judicial officers, clerks of the circuit courts, and notaries public." Moreover, under the doctrine of last antecedent, relative and qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding and not to be construed as extending to or including others more remote.[3]
This office has informally stated that section 741.07(1), Florida Statutes, permits all judicial officers of this state to solemnize marriages and would permit a federal judge whose court's jurisdiction encompasses part or all of the State of Florida to perform marriages in Florida.[4] In addition, this office has concluded that if a religious society has determined that a particular individual is an ordained minister under its creed, then that person may solemnize marriages pursuant to section 741.07.[5]
Accordingly, I am of the opinion that the reference to "of this state" in section 741.07(1), Florida Statutes, refers to "all judicial officers, including retired judicial officers, clerks of the circuit courts, and notaries public." All regularly ordained ministers of the gospel or elders in communion with some church, or other ordained clergy, whether in this state or not, are authorized to perform marriages pursuant to section 741.07. However, active or retired judicial officers, circuit court clerks or notaries public from other states are not authorized to do so in Florida.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] And see s. 741.07(2), Fla. Stat., stating that "[a]ny marriage which may be had and solemnized among the people called Quakers, or Friends, in the manner and form used or practiced in their societies, according to their rites and ceremonies, shall be good and valid in law; and wherever the words minister and elder are used in [Chapter 741, Fla. Stat.], they shall be held to include all of the persons connected with the Society of Friends, or Quakers, who perform or have charge of the marriage ceremony according to their rites and ceremonies."
[2] See Florida State Racing Commission v. Bourquardez,42 So. 2d 87 (Fla. 1949) (Legislature is presumed to know meaning of words and rules of grammar; court is advised of Legislature's intention by giving the generally accepted construction not only to phraseology of act but to manner in which it is punctuated);S.R.G. Corporation v. Department of Revenue, 365 So. 2d 687
(Fla. 1978); Ops. Att'y Gen. Fla. 77-142 (1977) (punctuation is a part of an act and may be considered in act's interpretation); 93-26 (1993) (Legislature is presumed to know meaning of words and the rules of grammar; thus, legislative intent is first to be determined by the language used, considered in its ordinary grammatical sense); 99-62 (1999).
[3] See, e.g., City of St. Petersburg v. Nasworthy,751 So. 2d 772 (Fla. 1st DCA 2000).
[4] See Inf. Op. to the Honorable Maurice M. Paul, dated May 14, 1996. Compare Inf. Op. to the Honorable Hugh Lawson, dated May 4, 2005, stating that the intent of s. 741.07 appears to limit the authority of judicial officers to perform marriages within this state to those who have significant ties to this state and thus a temporary assignment to a federal district court in Florida, which appears to be for the purpose of enabling the judge to perform such a marriage ceremony, would not appear to satisfy that intent.
[5] See Op. Att'y Gen. 73-315 (1973). Since the opinion was issued, s. 741.07(1) has been amended twice. In 1978, the statute was amended by Ch. 78-15, Laws of Fla., to add the language "or other ordained clergy" to make it clear clergy such as rabbis and cantors could perform marriages. See Judiciary Committee Staff Report on HB 200 (passed as Ch. 78-15, Laws of Fla.). In 1995, the Legislature amended the reference to retired judicial officers. This office in Op. Att'y Gen. Fla. 73-83 (1973) had concluded that s. 741.07, Fla. Stat. (1973) did not authorize a retired circuit judge, who was not on temporary assignment, to perform marriages.