PER CURIAM.
The Employer/Carrier (E/C) challenge the Judge of Compensation Claims’ (JCC) finding that Claimant was entitled to permanent total disability (PTD) benefits and PTD supplemental benefits. Because the JCC’s finding that Claimant was PTD is not supported by competent, substantial evidence, we reverse. Our resolution as to the PTD claim renders the E/C’s challenge to the award of PTD supplemental benefits moot.

Background

Claimant, a mason, fell and hurt his low back in the course and scope of his employment on October 8, 2001. Claimant received physical therapy and injections from October 2001 through October 2004. On October 11, 2004, he underwent surgical lumbar fusion and placement of metallic hardware in his spine. The surgery worsened Claimant’s condition and he underwent a second surgery on February 13, 2006, to remove the hardware installed in the first surgery. Unfortunately, the second surgery further worsened his condition. Claimant petitioned for PTD benefits on February 1, 2006.
*64 Prior to final hearing, the parties stipulated that Claimant suffered a qualifying, threshold “catastrophic injury” under section 440.15(l)(b), Florida Statutes (2001). However, the E/C defended against Claimant’s petition, arguing: (1) Claimant retained a substantial earning capacity; (2) Claimant voluntarily limited his income; and (3) Claimant refused suitable employment.
On November 5, 2007, the JCC held a final hearing to determine Claimant’s entitlement to PTD benefits. The parties introduced a medical report by Dr. Riegel, the expert medical advisor (EMA) appointed by the JCC; a functional capacity evaluation; and the records of ReEmploy Ability, Inc. (ReEmploy), a company hired by the E/C to assist Claimant in obtaining employment after his injury. The EMA recommended sedentary work status with certain restrictions.
Ultimately, the JCC rejected all three of the E/C’s defenses. First, the JCC found that, although ReEmploy found several employment opportunities for Claimant, a treating physician had approved only one of those positions, and no physician testified the opportunities were within Claimant’s physical limitations.
Second, the JCC found Claimant did not voluntarily limit his earning potential. Specifically, the JCC determined that, although Claimant did not take advantage of free English classes offered by the E/C, Claimant’s inaction was excused by the E/C’s failure to offer evidence as to the effect Claimant’s inability to speak English had on his employment.
Finally, the JCC rejected the E/C’s defense that Claimant refused suitable employment. The JCC explained that, although Claimant testified he would not work for less than $18.50 per hour, the E/C failed to offer any evidence indicating Claimant actually refused any job offered within his physical limitations.
Based on these findings, the JCC concluded the E/C failed to prove Claimant retained a substantial earning capacity. The JCC then concluded Claimant was entitled to PTD benefits based on the stipulation that Claimant was catastrophically injured.

Analysis

A JCC’s finding that a claimant is entitled to PTD benefits will be affirmed if supported by competent, substantial evidence. See Neavins v. City of St Petersburg, 823 So.2d 288, 289 (Fla. 1st DCA 2002). Only claimants who suffer a catastrophic injury are entitled to PTD benefits. See § 440.15(l)(b), Fla. Stat. (2001). However, even where a claimant suffers a catastrophic injury, PTD benefits are precluded if the E/C offer conclusive proof that the claimant retained a substantial earning capacity. See § 440.15(l)(b), Fla. Stat.; see also Home Depot v. Turner, 820 So.2d 1075 (Fla. 1st DCA 2002). Claimants who refuse suitable employment are not entitled to benefits unless the JCC finds their refusal was justified. See § 440.15(7), Fla. Stat. (2001).
Claimant’s testimony that he was in too much pain to attend employment interviews or to search for employment is insufficient to override medical evidence that he is capable of working. See Paradyne Corp. v. Selmer, 527 So.2d 285, 286 (Fla. 1st DCA 1988); Olavarria v. Okeelanta Corp., 741 So.2d 1249, 1250 (Fla. 1st DCA 1999) (explaining that “[a] claimant’s unexplained refusal of a specific offer of suitable employment available in the open labor market is inconsistent with permanent total disability”).
Here, the EMA determined Claimant could work at a sedentary level. Under section 440.13(9)(c), Florida Stat *65 utes (2001), the EMA’s opinion has a nearly conclusive effect. See Fitzgerald v. Osceola County Sch. Bd., 974 So.2d 1161, 1163 (Fla. 1st DCA 2008). An ability to engage in sedentary employment contradicts a conclusion that a claimant is PTD. See U.S. Fidelity & Guar. Ass’n v. Kemp, 658 So.2d 1212, 1213 (Fla. 1st DCA 1995) (explaining that the ability to engage in sedentary employment satisfies the statutory prohibition in section 440.15(l)(b), Florida Statutes, against awarding PTD benefits to one who is able to perform light work). However, even if a claimant can work in a limited capacity, he remains PTD if there is no available work within his restrictions. See Pinellas Ambulance Serv., Inc. v. Gettinger, 504 So.2d 1386, 1389 (Fla. 1st DCA 1987).
Here, although the JCC rejected the E/C’s defenses concerning available work within Claimant’s restrictions, none of the JCC’s findings are supported by competent, substantial evidence. First, the JCC found that ReEmploy presented Claimant with only one physician-approved work opportunity. However, the record reveals Claimant was given five physician-approved work opportunities.
Next, contrary to the JCC’s finding, the E/C did present evidence that Claimant’s job search was affected by his refusal to take advantage of the free English classes the E/C found for him. Specifically, ReEmploy’s records show a potential employer decided not to hire Claimant because he could not communicate in English.
Finally, Claimant’s testimony contradicts the JCC’s finding that there was no evidence Claimant actually refused any job offered within his physical limitations. Claimant testified he turned down a position offering $8 per hour because it did not pay enough.
Claimant is barred from receiving benefits until he accepts suitable employment or a JCC finds his refusal is justified. See § 440.15(7), Fla. Stat. (2001).

Conclusion

Because the findings upon which the JCC rejected the E/C’s defenses were not supported by competent, substantial evidence, the JCC’s order awarding PTD benefits is REVERSED and the matter REMANDED for proceedings consistent with this opinion.
WOLF, BENTON and BROWNING, JJ., concur.