DAVIS, Judge.
Food World # 150 and Southern Risk Services, Inc. (employer and carrier respectively, hereinafter e/c), appeal an order of the Judge of Compensation Claims (hereinafter JCC) awarding benefits to Laverne Agnes Malone for injuries to her right shoulder allegedly incurred as a result of a lifting incident at work on May 13, 1993. Because of a lack of support in the record for the factual findings underpinning the JCC’s award of benefits, we reverse and remand for further consideration consistent with this opinion.
The claimant, Laverne Agnes Malone, was employed in the deli at a Bruno’s grocery store in May 1993 when she had to have a tumor removed from her left shoulder. This was a condition unrelated to her employment. She was released to return to work ten days after the surgery, with a restriction to lift no more than ten pounds. Her testimony at the hearing regarding her alleged industrial injury was consistent with her previous testimony by deposition. She stated that her first day back on the job after her surgery was May 13, 1993. Mid-way through her shift on that day she was instructed to prepare pudding cakes. This necessitated her carrying a 25 pound bag of flour and lifting a tray with eleven four-pound cakes (a total weight of 44 pounds) *365 into and out of the oven. She reminded her supervisor of her lifting restrictions, but was instructed to proceed anyway. She felt severe pain in her left shoulder and was concerned that she had reinjured her surgical site. At the earliest opportunity, she returned to Dr. Hill, the physician who performed the surgery. He examined her left shoulder and found nothing wrong.
Claimant then went to her family physician, Dr. Pandalfi, complaining of left shoulder pain. Dr. Pandalfi testified that he found tenderness in the left trapezius. He repeatedly confirmed that claimant’s complaints were left-sided, and diagnosed fibro-myalgia in the left shoulder. There is no evidentiary support whatsoever in this record for the JCC’s factual findings that the claimant experienced right shoulder pain at work, that Dr. Pandalfi found right shoulder tenderness, and that Dr. Pandalfi diagnosed a right shoulder injury. While this record does not mandate the award of benefits for the claimant’s alleged left shoulder injury, it does not preclude such an award either. The decision is dependent upon credibility determinations properly made by the finder of fact and not this appellate tribunal. Therefore, we reverse and remand the award of temporary partial disability benefits for the period from May 14,1993 through January 30,1994. The JCC is instructed to review the evidence in the record and reach a determination whether it is appropriate to award temporary partial disability benefits for this period for the claimant’s alleged injury to her left shoulder from the May 13, 1993, lifting incident. It is not necessary to take additional evidence to make this determination.
The JCC also awarded claimant temporary total disability benefits from January 31,1994, through August 25,1994. The basis for that award was the testimony of claimant’s new physician, Dr. Lovins. She came under his care when she became eligible for treatment as a military dependent, by reason of her marriage. Dr. Lovins testified that claimant was treated for right-sided pain, and had given him a history of injury to her right shoulder while lifting at work. Dr. Lovins’ opined that the changes to claimant’s right arm came from protecting her left-shoulder surgical site. Dr. Lovins offered no other theories on causation, and was not permitted to answer hypothetical questions from e/c’s counsel regarding causation, because of navy regulations. This was the only testimony offered to support an award of benefits for this time period in which the claimant’s primary complaint appears to have shifted to the right shoulder and arm. Dr. Lovins’ expert opinion was based upon an inaccurate factual history, which was in turn completely unsupported by the record, and does not support an award of benefits under Ullman v. City of Tampa Parks Dept., 625 So.2d 868 (Fla. 1st DCA 1993). Therefore, the award of temporary total disability benefits from January 31, 1994, through August 25, 1994, is reversed. See City of Atlantic Beach v. Stewart, 20 Fla.L. Weekly D1651, — So.2d- [1995 WL 415864] (Fla. 1st DCA July 17, 1995).
Accordingly, this case is REVERSED, and remanded in part for further consideration.
KAHN, J., and SMITH, Senior Judge, concur.