685 So.2d 64 (1996)
CUMBERLAND FARMS, INC. and Alexsis, Inc., Appellants,
v.
Karen MANNING, Appellee.
No. 96-1153.
District Court of Appeal of Florida, First District.
December 19, 1996.
Steven P. Pyle of Pyle, Jones & Hurley, P.A., Winter Park, for Appellants.
Gary F. Large, Titusville, for Appellee.
PER CURIAM.
The employer and carrier (E/C) raise one point in this workers' compensation appeal: "Whether the Judge of Compensation Claims erred in awarding PTD benefits in light of competent substantial evidence for part time sedentary work capabilities and lack of good faith job search effort." In appellants' summary of the argument they state: "It is the E/C's contention the JCC erred in awarding the permanent total disability benefits in light of competent substantial evidence to indicate there was part time sedentary work potentially available and within the claimant's capabilities, but for the lack of a good faith job search efforts."
The point on appeal, and the argument advanced in support, could never support reversal in a workers' compensation case. "Once again we remind counsel of the basic premise that the standard of review in workers' compensation cases is whether competent substantial evidence supports the decision below, not whether it is possible to recite contradictory record evidence which supported the arguments rejected below." Mercy Hosp. v. Holmes, 679 So.2d 860 (Fla. 1st DCA 1996). Given the E/C's choice of an issue on appeal we must, once again, direct counsel's attention to the leading case of Swanigan v. Dobbs House and its admonition, "The point on appeal ... as stated by appellant, is self defeating under applicable standards of appellate review." 442 So.2d 1026, 1027 (Fla. 1st DCA 1983). Swanigan, in uncomplicated terms, explains our standard of review, and should be required reading for any lawyer who desires to handle workers' compensation appeals. Here, appellants' mere assertion that their view of the case is supported by competent substantial evidence is frivolous.
We AFFIRM and GRANT appellee's motion for appellate attorney's fees. The Judge of Compensation Claims will set an appropriate amount.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.