690 So.2d 651 (1997)
STATE of Florida DIVISION OF RISK MANAGEMENT/DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Tommy MARTIN, Appellee.
No. 96-611.
District Court of Appeal of Florida, First District.
March 13, 1997.
Rehearing Denied April 21, 1997.
H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.A., West Palm Beach, for Appellant.
Barbara E. Schnepper, Miami, for Appellee.
KAHN, Judge.
Appellants challenge a final workers' compensation order awarding compensation, attendant care, reimbursement of mileage and medical expenses, interest, costs and attorney's fees. They contend, in part, that the judge of compensation claims (JCC) abused his discretion in finding causation between claimant's 1987 industrial accident and his current back condition, need for back surgeries in January 1992, and February 1993, and need for attendant care. We agree and reverse the order.
The JCC stated in the order:
I have chosen to accept the opinion of Dr. Barry J. Kaplan, the Employee's current treating board certified neurosurgeon, over the opinion of any other physician in this case, as I find that Dr Kaplan's opinion is more consonant with logic and reason as it relates to the issue of causation. Specifically, Dr. Kaplan testified that:
Mr. Martin originally injured his back in 1987 in a work related injury and he suffered from back pain since that time, and subsequently required surgery for it. And my second operation was in the same surgical site as his original operation; therefore there is a relationship *652 between his need for surgery and his original work injury in 1987.
Speculation or conjecture is not sufficient to establish a causal connection between a workers' compensation injury and employment. Ate Fixture Fab v. Wagner, 559 So.2d 635 (Fla. 1st DCA 1990). Dr. Kaplan stated frankly that his testimony as to causation was speculative and based only on the history given to him by claimant: "[I]t would be speculative on my part saying what caused his disc herniation." He further testified:
I would tell you that the only thing that I have to rely upon is what Mr. Martin told me about his condition being work related. I have no records between 1987 and the time of his ... last surgery that would substantiate whether it was or was not work related. So all I can go on is what Mr. Martin told me that he said that his back problem was from a work injury. Beyond that, I don't know what to tell you.
When asked further questions, Dr. Kaplan admitted that he was not aware of several factors that affected the analysis of whether the disc herniation was caused by the 1987 accident, including claimant's medical history of not seeing a doctor regarding his back complaints from August 1987 until November 1989; a 1989 CAT scan which was negative for disc herniation; medical records indicating that claimant first complained of radiating pain in November 1991; and a medical opinion from a treating physician that the disc herniation occurred in 1991. Dr. Kaplan testified:
Well, I stepped in five years after all this started. It's not my objective to analyze and cut the case apart to see what exactly caused his problem. I was there to fix the problem, and that's what I did. And so, I wasn't aware of a lot of this history that you're asking me about. And I don't feel like it's my responsibility to spend five hours in dissecting it to figure out exactly what caused it.
Dr. Kaplan's testimony does not constitute competent substantial evidence as to causation because it was based on speculation and made without knowledge of claimant's relevant medical history. Moreover, Dr. Kaplan relied virtually entirely upon claimant's false report of a causal connection between the 1987 accident and the 1992 surgery. The JCC abused his discretion in finding that Dr. Kaplan's opinion is "more consonant with logic and reason as it relates to the issue of causation." No medical evidence in this record establishes that claimant's 1987 work injury had any causal relationship to his first surgery in 1992.
This court will never reverse a worker's compensation order because we disagree with the JCC's assessment of the evidence, or because competent substantial evidence merely supports the losing side's view of the case. Cumberland Farms, Inc. v. Manning, 685 So.2d 64 (Fla. 1st DCA 1996). A JCC may not, however, rely exclusively upon expert opinion based upon "an inaccurate factual history, which was in turn completely unsupported by the record...." Food World #150 v. Malone, 661 So.2d 364, 365 (Fla. 1st DCA 1995). The role of this court is "to guard against fanciful or arbitrary abuse of discretion in workers' compensation cases ..." Ullman v. City of Tampa Parks Dep't, 625 So.2d 868, 873 (Fla. 1st DCA 1993).
REVERSED.
BARFIELD, C.J., and BENTON, J., concur.