KAHN, J.
This worker’s compensation appeal comes to us from a JCC’s award of prescription and equipment costs related to claimant’s bronchial asthma. The appel-lee, Fulgencio Castro, suffered a compen-sable workplace accident in 1982 when he fell from a ladder. In 1983, the Employer/Carrier (E/C) authorized appellee’s back and ulner nerve surgery. The E/C later authorized nasal surgery in 1989. Soon after this surgery, appellee saw Dr. Jose Landa for treatment related to his difficulty in breathing. Dr. Landa diagnosed appellee with bronchial asthma and found this condition a result of his earlier fall. When asked to give his opinion regarding the cause of appellee’s problem, the doctor stated:
A. In my opinion, he sustained some injury to the face, which resulted in some kind of problem with the nose and he was unable to breathe through the nose. And then he was — he’s been breathing through his mouth for some time. And when you breathe through the mouth, you lose the filtering and humidifying effects of the nostrils of the nose. And in my opinion, timewise, it makes sense clinically that is probably what resulted in him getting the asthmatic bronchitis that I see in him.
This court must affirm a JCC’s order if the JCC had competent substantial evidence upon which to base her findings. Here, however, we find no evidence that appellee’s bronchial asthma was causally related to his workplace accident. Ap-pellee provided Dr. Landa with history of injury to his “face” in the fall. Dr. Landa said that appellee’s bronchial asthma was probably caused by mouth breathing. Ap-pellee can identify no evidence, however, that a compensable injury to his nose caused the breathing problem assumed by Dr. Landa. Thus, no causal link exists between the compensable accident and ap-pellee’s present medical needs. See Harris v. Josephs of Greater Miami, Inc., 122 So.2d 561, 562 (Fla.1960) (“There must be some clear evidence rather than speculation or conjecture establishing a causal connection between a claimant’s injury and her employment.”); State, Div. of Risk Mgmt. v. Martin, 690 So.2d 651, 652 (Fla. 1st DCA 1997) (reversing because the JCC’s award relied upon testimony regarding causation that the doctor admitted was speculative and based upon claimant’s own report of a causal connection). Although the E/C administratively authorized nasal surgery in 1989, nothing in the medical record suggests causation between the accident and any breathing difficulty. Appellee offered no helpful evidence from *643 the surgeon who performed the 1989 procedure.
REVERSED.
BOOTH and BROWNING, JJ., CONCUR.