911 So.2d 1282 (2005)
VILLAGE OF NORTH PALM BEACH and Employers Mutual, Inc., Appellants,
v.
John McKALE, Appellee.
No. 1D05-1975.
District Court of Appeal of Florida, First District.
October 6, 2005.
*1283 H. George Kagan of Miller, Kagan, Rodriguez and Silver, P.A., West Palm Beach, Attorney for Appellants.
Michael H. Stauder, North Palm Beach, Attorney for Appellee.
THOMAS, J.
The Employer/Carrier (E/C) appeals a non-final order determining compensability of a workers' compensation claim. Because we find that the trial court used the incorrect evidentiary standard, we reverse.
The E/C alleges that Claimant violated sections 440.09(4) and 440.105(4)(b)2., Florida Statutes, by providing false, incomplete or misleading statements regarding his employment status while he was receiving temporary total disability benefits from an industrial injury. In its order, the JCC found that the E/C failed to prove by clear and convincing evidence that Claimant had committed fraud. However, the E/C is only required to prove that Claimant committed one of the prohibited acts by a preponderance of the evidence. Singletary v. Yoder's Ameritrust Ins. Corp., 871 So.2d 289, 291(Fla. 1st DCA 2004). Failure to use the proper legal standard is grounds for reversal. Cromartie v. City of St. Petersburg, 840 So.2d 372, 375 (Fla. 1st DCA 2003).
We note that the JCC does not need to determine whether Claimant was employed or received payment for work while he was receiving benefits. The JCC is only required to determine whether Claimant knowingly or intentionally made any false, fraudulent, incomplete, or misleading statement, whether oral or written, for the purpose of obtaining workers' compensation benefits, or in support of his claim for benefits. § 440.105(4)(b)2., Fla. Stat. (1999). See Village Apartments v. Hernandez, 856 So.2d 1140 (Fla. 1st DCA 2003). Significantly, it is not necessary that a false, fraudulent, or misleading statement be material to the claim; it only must be made for the purpose of obtaining benefits. § 440.105(4)(b)1., Fla. Stat. (1999).
Accordingly, we REVERSE the JCC's order and REMAND with directions for the JCC to consider whether the E/C proved by a preponderance of the evidence that Claimant knowingly or intentionally made any false, incomplete or misleading *1284 statements in an attempt to obtain workers' compensation benefits.
REVERSED and REMANDED.
WOLF, J., concurs; and HAWKES, J., concurs with written opinion.
HAWKES, J., concurring.
I fully concur with the majority opinion as to the burden of proof. I write only to clarify the majority's point that the question for the JCC's resolution is not whether Claimant was employed by, or received payment for his association with, the strip club. The only question is whether Claimant knowingly or intentionally committed any of the acts prohibited by section 440.105, Florida Statutes.
Here, through surveillance, the E/C discovered Claimant was engaging in activities at the strip club that certainly at least resembles work. For instance, Claimant collected money from the cash register and delivered it to the bartender, took money from customers, collected glasses and stored them behind the bar, greeted customers, checked inventory, placed bottles of alcohol in ice buckets for patrons, and escorted people to different parts of the club. Claimant's car was even observed in the club parking lot on several occasions when the club was closed, although Claimant testified he did not know why.
When asked, Claimant denied working. Claimant continued to deny he was working even when the question was expressed as "and when I say work, I mean in the broadest definition . . . ." When confronted with the E/C's discovery, Claimant testified at deposition that he was volunteering at the club, and he volunteered "because [he] wanted to." At the hearing, Claimant denied he was volunteering, and testified his activities at the club were connected with his evaluation as to whether he wished to invest in the club.
Claimant's testimony and his activities at the club suggest the possible commission of at least two acts prohibited by section 440.105, Florida Statutes, and resulting in a forfeiture of any benefits or compensation pursuant to chapter 440.
The first possible commission of a prohibited act involved Claimant's statements. Normally, knowingly making inconsistent statements would indicate at least one of them was false. Obviously, if the JCC determines one of the explanatory statements was false, and Claimant made the statement because he believed it would assist him in obtaining benefits, forfeiture applies. Although there may be circumstances where this is not the case, such a contradiction would seem to at least indicate Claimant's testimony was incomplete or misleading. If the JCC determines Claimant knowingly or intentionally made incomplete or misleading statements, that would also result in a forfeiture of benefits or compensation.
The second possible commission of a prohibited act involves Claimant's observed activities. These observations raise a question as to Claimant's ability to engage in productive activities, and whether his activities at the club are inconsistent with his status of being totally disabled. Certainly, misrepresenting your physical abilities to doctors, adjusters, or in testimony to obtain or enhance compensation results in the forfeiture of benefits or compensation.
Pursuant to the plain language of the statute, if the JCC finds Claimant knowingly or intentionally, provided any false, incomplete or misleading information, for the purpose of obtaining workers' compensation benefits, Claimant forfeits all entitlement to benefits. See Village Apartments *1285 v. Hernandez, 856 So.2d 1140 (Fla. 1st DCA 2003).