929 So.2d 563 (2006)
Eric QUIROZ, Appellant,
v.
HEALTH CENTRAL HOSPITAL and Unisource, Appellees.
No. 1D05-1751.
District Court of Appeal of Florida, First District.
April 11, 2006.
Rehearing Denied May 30, 2006.
Douglas H. Glicken, Esquire, Orlando; Bill McCabe, Esquire, Longwood, for Appellant.
Gerald F. Znosko, Esquire, Znosko & Reas, P.A., Maitland; Todd J. Sanders, Esquire, Orlando, for Appellees.
PER CURIAM.
Claimant appeals from a final compensation order entered by the judge of compensation claims (JCC) denying all workers' compensation benefits to claimant based on fraud pursuant to section 440.105, Florida Statutes (2002). Claimant argues that the order should be reversed because the misrepresentations made by claimant were not made for the purpose of securing workers' compensation benefits. We agree.

BACKGROUND
Claimant injured his neck and back on September 12, 2003, while cleaning offices for Health Central Hospital. The accident was accepted by the employer/carrier (E/C) as compensable, and claimant was treated for his injuries and placed on work restrictions by his authorized treating physician, *564 Dr. Broom. Following treatment, claimant returned to light duty employment for approximately two months. After the hospital could find no more light duty work for him, claimant was paid temporary partial disability (TPD) benefits until February 29, 2004.
Claimant was notified that the hospital had light duty work for him starting March 1, 2004. Claimant reported for work on that date and was assigned the task of cleaning carpets. At 10:30 that morning, claimant was notified of a call from his doctor's office. Claimant stated that he must have forgotten about a doctor's appointment and left the hospital. Claimant appeared at Dr. Broom's offices, but did not have a scheduled appointment. Claimant did not return to work that day. Claimant returned to work on March 2, 2004, although he was several hours late for his shift, and worked through the end of his shift.
Claimant also returned to work on March 3, 2004, but was called into a meeting that morning. During this meeting, Claimant was informed by his supervisors and the Director of Human Resources that he would need a doctor's note for leaving work early on March 1 and arriving late on March 2. Claimant first returned with a form showing that he had paid for medical information from Dr. Broom's office. Claimant was told this was not a doctor's excuse, and was given a suspension of twenty-four hours or until he returned with a doctor's note. Claimant's discipline record noted that claimant would be terminated if he failed to substantiate his absences.
On March 4, 2004, claimant sought treatment for headaches from Dr. Bustamonte. Claimant did not inform Dr. Bustamonte that he was being treated through workers' compensation for a neck and back injury, and asked that his visit be paid for through his health insurance. During his examination of claimant, Dr. Bustamonte did not find anything that would prevent claimant from returning to work. Dr. Bustamonte completed a certificate for return to work stating that claimant was able to return to work and noting "[p]atient was not feeling well on 3/1/04 and 3/2/04 and he was not able to work both days." Later in the day, claimant provided the note from Dr. Bustamonte to the Director of Human Resources at the hospital.
Claimant was terminated the next day, on March 5, 2004. The termination report provided that claimant's employment was being terminated for dishonesty, willful misrepresentation on work records, lying about sick or personal leave, and falsifying reason for leave. Claimant subsequently filed two separate petitions for benefits asking for TPD benefits from March 5, 2004 to June 3, 2004, the date maximum medical improvement was reached, and impairment benefits. The JCC ruled that claimant was barred from receiving these workers' compensation benefits based upon his finding of fraud pursuant to section 440.105, Florida Statutes. The JCC specifically found:
[T]he Claimant, Eric Quiroz, intentionally obtained the doctor's excuse from Dr. Gustavo Bustamonte in an attempt to provide an excuse for his leaving work early on March 1, 2004 and coming in late on March 2, 2004.
Accordingly, I find as a matter of fact and conclude as a matter of law that the Claimant falsified information providing the same to the Employer for the purposes of obtaining benefits under Chapter 440. I find that the Claimant obtained a doctor's note from an unauthorized physician, Dr. Gustavo Bustamonte, in an attempt to justify his false statements of March 1, 2004 and March 2, 2004.
*565 The JCC denied all pending petitions with prejudice.

ANALYSIS
Section 440.09(4), Florida Statutes (2002), provides that an employee is not entitled to workers' compensation benefits under chapter 440 if the JCC "determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105[1]for the purpose of securing workers' compensation benefits." (Emphasis added). In this case, any misrepresentations made by claimant to his employer regarding the events of March 1, 2004, through March 4, 2004, were clearly made for the purpose of preventing his termination from the hospital. There is no evidence in the record indicating that claimant's misrepresentations would assist him in obtaining any other benefits. Accordingly, the JCC's finding that the misrepresentations made by claimant to the employer were for the purpose of obtaining workers' compensation benefits is not supported by competent substantial evidence in the record.
The E/C argues, however, that the JCC's ruling can be upheld because claimant made misrepresentations at the final merits hearing concerning the events of March 1, 2004, through March 4, 2004. The JCC found within his order that the testimony of claimant was "inconsistent and unbelievable concerning the events of March 1, 2004-March 4, 2004, and the obtaining of the doctor's excuse through Dr. Gustavo Bustamonte." However, the JCC made no finding that claimant, through his testimony at the hearing, knowingly or intentionally engaged in any acts described in section 440.105 for the purpose of securing workers' compensation benefits pursuant to section 440.09(4). Therefore, we cannot affirm the JCC's order based on any alleged misrepresentations made by claimant at the final merits hearing.
Because the JCC's finding that claimant's misrepresentations to his employer were made for purposes of obtaining benefits under chapter 440 is not supported by competent substantial evidence in the record, we reverse the final order entered by the JCC, and remand for further proceedings relating to claimant's petitions for benefits.
REVERSED and REMANDED.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.
NOTES
[1] Section 440.105(4)(b), Florida Statutes (2002), provides in part:

It shall be unlawful for any person:
1. To knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of obtaining or denying any benefit or payment under this chapter.
2. To present or cause to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to any provision of this chapter, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim.
3. To prepare or cause to be prepared any written or oral statement that is intended to be presented to any employer, insurance company, or self-insured program in connection with, or in support of, any claim for payment or other benefit pursuant to any provision of this chapter, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim.