PER CURIAM.
Claimant appeals the Judge of Compensation Claims’ (JCC) order disqualifying him from receiving workers’ compensation benefits based on the JCC’s finding that Claimant made false statements for the purpose of securing workers’ compensation benefits. Claimant argues the JCC’s findings are not supported by competent, substantial evidence. We agree, and reverse.

Background

Claimant suffered a compensable workplace accident which resulted in two knee surgeries and, ultimately, a recommendation for a total knee replacement. Following his surgeries, Claimant was provided crutches and a cane to assist with ambulation. Dr. Chayet, an authorized orthopedist, advised Claimant to “wean off’ the cane, and Claimant obliged but continued to use a crutch or cane on occas ion.
Throughout the course of the proceedings, Claimant was deposed twice, and both times testified he was capable of walking and standing without a cane or crutch, and he did so on a regular basis. Claimant testified he used a cane or crutch when he felt pain, but he could walk up to one-half of a mile without any assistive device. The evidence shows Claimant regularly, but not always, brought a cane or crutch to his medical appointments, even when he was ambulating well.
The E/C hired a private investigator who, on the morning of November 16, 2006, obtained video surveillance of Claimant walking short distances and assisting his wife with laundry without assistive devices. Claimant admitted he was capable of performing these activities. Video sur *1277 veillance taken later that afternoon showed Claimant grabbing a crutch and putting it in his van to attend an appointment with Dr. Novick. The critical piece of video shows Claimant walking to the entrance of Dr. Novick’s office, at which point he is handed a crutch, which he begins to use. The E/C raised a misrepresentation defense based on Claimant’s selective use of the crutch as seen on the video.
All of the physicians who testified stated there was nothing on the video which was inconsistent with Claimant’s statements or presentation to them, and Claimant’s activities in the video were consistent with his objective, painful knee condition.
Dr. Novick did not testify, but his report from November 16, 2006, reflects Claimant complained of “severe pain” and stiffness in his left knee. In the physical examination portion of the report, the doctor noted: “He is ambulating with ... a crutch on his right side and significant decreased stance phase on the left lower extremity. He is reluctant to weight bear on the left lower extremn.y....”
At the hearing, Claimant testified he told Dr. Novick he was “afraid” to walk on the left knee and was concerned about causing further damage, but that Dr. Chayet had told him to walk on the knee, and he does so. Claimant also testified he has “problems” standing and putting weight on his left leg, but he could do so without assistive devices.
The JCC entered an order denying workers’ compensation benefits, finding Claimant was attempting to portray himself as “much more severely disabled th[a]n the surveillance otherwise shows.”

Analysis

While this court is deferential to the broad fact-finding powers of a JCC, such power is not without constraints. See Fritz v. Courtyard by Marriott, 592 So.2d 1167, 1169 (Fla. 1st DCA 1992). A JCC’s findings must be in accordance with the requirements of chapter 440, and be supported by competent, substantial evidence. See Quiroz v. Health Cent. Hosp., 929 So.2d 563, 565 (Fla. 1st DCA 2006) (reversing a JCC’s finding of disqualifying misrepresentation where statements were false, but not made for purpose of securing compensation).
The workers’ compensation statute provides that it is unlawful for any person to make, or cause to be made, any false, fraudulent, incomplete, or misleading oral or written statement for the purpose of securing workers’ compensation benefits. See §§ 440.09(4), 440.105(4)(b)l-3, Fla. Stat. (2005). A claimant’s misrepresentation as to his or her physical abilities made in order to obtain or enhance workers’ compensation benefits results in forfeiture of those benefits. See Village of N. Palm Beach v. McKale, 911 So.2d 1282, 1284 (Fla. 1st DCA 2005) (Hawkes, J., concurring).
Activities observable on surveillance video can serve as a basis for a finding of misrepresentation. See id. However, only oral or written statements can serve as the predicate for disqualification from benefits. See §§ 440.09(4), 440.105(4)(b)l-3, Fla. Stat.
Here, the E/C asserted Claimant’s nonverbal presentation to his doctors, as evidenced by the surveillance video, served as the basis for its misrepresentation defense. However, because the workers’ compensation statute expressly limits its disqualification provisions to oral or written statements, the surveillance (which comprises only nonverbal conduct) has val *1278 ue only to the extent it contradicts or disproves an oral or written statement made by Claimant.
The JCC based disqualification, in part, on the fact that Claimant brought a cane or crutch to his visits with Dr. Jarolem. Significantly, Dr. Jarolem testified that nothing on the surveillance was inconsistent with what he was told by Claimant. Because the video did not contradict an oral or written statement made by Claimant to Dr. Jarolem, no competent, substantial evidence supports the denial of benefits based on misrepresentations to Dr. Jarolem.
The JCC also based disqualification, in part, on the fact that Claimant told Dr. Novick he had “severe left knee pain.” However, no medical evidence was introduced to suggest Claimant did not have severe left knee pain on November 16, 2006. In fact, the only medical evidence introduced established Claimant’s condition was objectively verified, painful and consistent -with Claimant’s activities on the video surveillance. Absent supporting medical evidence, a JCC lacks the prerogative to deny a claim based on a medical finding premised solely on his observation of the claimant. See Allen v. Protel, Inc., 852 So.2d 916, 920 (Fla. 1st DCA 2003) (holding JCC’s finding that claimant exaggerated complaints of pain must be supported by medical evidence). Because there is no evidence that Claimant’s statement that he had severe left knee pain was false or misleading, this finding cannot support the denial of benefits based on misrepresentation.
Finally, the JCC based disqualification on the fact that Claimant was seen walking without a cane or crutch, but that he told Dr. Novick he had “problems standing or putting weight on his left knee.” Again no statement is ascribed to Claimant wherein he denies the ability to stand or support weight on the knee. Claimant consistently testified he could walk up to one-half of a mile without a cane or crutch, and although he feared harming his knee, he frequently walked without a cane or crutch. The JCC did not articulate the nature and extent of the “problems” declared by Claimant, and the medical evidence supports the existence of significant structural and functional problems with the knee. Consequently, this statement cannot support a denial of benefits based on misrepresentation.

Conclusion

Because there is no competent, substantial evidence upon which to base a finding that Claimant, either orally or in writing, misrepresented his physical condition, the JCC’s order disqualifying Claimant from receiving workers’ compensation benefits is REVERSED.
DAVIS, BENTON, and PADOVANO, JJ., concur.