THOMAS, J.
 

 In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) which denies his claim for temporary partial disability (TPD) benefits, along with penalties, interest, costs, and attorney’s fees. Claimant argues the JCC erred by finding the evidence did not establish a causal relationship between his injury-related restrictions and his subsequent loss of wages. We agree, and reverse.
 

 The JCC found Claimant’s restrictions, which resulted from a compensable back injury, prevented him from performing his pre-injury job as a truck driver. The JCC also found Claimant’s restrictions caused a diminution in wages to the extent that Claimant was entitled to TPD benefits while working in modified post-injury employment. Nevertheless, the JCC denied TPD benefits because Claimant did not perform a sufficient job search after leaving his post-injury employment for reasons which the JCC found unjustified. Because the JCC did not have the benefit of this court’s decision in
 
 Wyeth/Pharma Field Sales v. Toscano,
 
 40 So.3d 795 (Fla. 1st DCA 2010), we REVERSE and REMAND for reconsideration of Claimant’s entitlement to TPD benefits from April 7, 2009, through August 13, 2009, based on the aforementioned authority.
 

 On remand, the JCC, in determining Claimant’s entitlement to TPD benefits, shall consider section 440.15(7), Florida Statutes (2008) (“Employee Leaves Employment”), and determine whether Claimant has achieved maximum medical improvement.
 

 ROBERTS and MARSTILLER, JJ., concur.