PER CURIAM.
 

 In this workers’ compensation appeal, Claimant, Faith Laxner, challenges an order of the Judge of Compensation Claims (JCC) that denies medical treatment and modalities which Claimant’s authorized orthopedist testified were necessary to determine the extent of Claimant’s com-pensable injury. Because competent substantial evidence supports the denial of benefits, we affirm.
 

 Claimant correctly asserts that to establish entitlement to medical treatment, care, and modalities that have an investigatory or diagnostic purpose, the Workers’ Compensation Law does not require her to prove the major contributing cause of the need for treatment or diagnostic testing is her workplace accident or injury. Rather, the award of such medical care is dependent on a finding that the evaluation is reasonably required to determine the cause and extent of Claimant’s injuries.
 
 See Grainger v. Indian River Transp.,
 
 869 So.2d 1269, 1271 (Fla. 1st DCA 2004) (holding JCC applied incorrect standard where he ruled record did not show claimant’s workplace injury was MCC of his need for an evaluation). Here, however, the JCC rejected the treating orthopedist’s opinion testimony that additional diagnostic measures and modalities were reasonably required to determine the extent and cause of Claimant’s injuries. The JCC accepted the opinion of the employer/earrier’s independent medical examiner, who testified that the extent and cause of Claimant’s injuries were known and ascertainable, and thus, the requested diagnostic modalities were not needed for the purposes testified to by the treating orthopedist. Accordingly, competent substantial evidence supports the JCC’s denial of the requested medical treatment. Therefore, the order on appeal is AFFIRMED.
 

 WEBSTER, DAVIS, and VAN NORTWICK, JJ., concur.