PER CURIAM.
In this workers’ compensation case, claimant seeks review of an order denying temporary partial disability benefits, penalties, interest, costs and attorney’s fees. We reverse because the judge of compensation claims erroneously denied temporary partial disability benefits based on a finding that claimant failed to conduct an adequate job search.
As we recently explained in Wyeth/Pharma Field Sales v. Toscano, 40 So.3d 795, 802-03 (Fla. 1st DCA 2010), “the requirement of a job search has not been applied to periods of [temporary partial disability] where the immediate and identifiable post-injury cause of the loss of wages is the injury itself.” Here, after being released to return to work with light-duty restrictions, but before reaching maximum medical improvement, claimant returned to work for the employer. Because he was working fewer hours and earning less than 80 percent of his average weekly wage, the employer and carrier paid claimant temporary partial disability benefits while claimant worked light duty. The employer and carrier stopped paying those benefits, however, when the employer terminated claimant for cause, but for reasons the judge concluded did not rise to the level of misconduct.
By imposing a job search requirement in this circumstance, the judge overlooked the fact that claimant’s termination from post-injury light-duty employment had no effect on his status as an employee unable to earn post-injury wages sufficient to preclude temporary partial disability benefits under the formula set forth in section 440.15(4)(a), Florida Statutes (2006). Thus, the immediate and identifiable cause of claimant’s loss of wages in an amount that entitled him to temporary partial disability benefits under the statutory formula remained the injury itself.
Accordingly, we reverse, and remand with directions that the judge of compensation claims determine the amount of temporary partial disability benefits due for the period claimed and reconsider the related claims for penalties, interest, costs and attorney’s fees.
REVERSED and REMANDED, with directions.
WEBSTER and MARSTILLER, JJ., concur; WETHERELL, J., specially concurs with opinion.