PER CURIAM.
In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) which denies her claims for temporary partial disability (TPD) benefits and for the authorization of medical care. Because the order on appeal fails to demonstrate that the JCC, who did not have the benefit of our recent decision in Wyeth/Pharma Field Sales v. Toscano, 40 So.3d 795, 799 (Fla. 1st DCA 2010), utilized the appropriate legal standards in evaluating Claimant’s entitlement to TPD benefits from November 2, 2004, through February 28, 2005, we reverse and remand the JCC’s denial of TPD benefits for this period (along with the claims for penalties, interest, costs, and attorney’s fees pertaining to this issue) for additional proceedings. See id.; see also Alie v. Crum Staffing, Inc., 41 So.3d 1007 (Fla. 1st DCA 2010); Matthews v. Nat’l Pump Compressor, 41 So.3d 982 (Fla. 1st DCA 2010). We affirm the JCC’s denial of the remainder of compensation benefits at issue, because competent substantial evidence supports the JCC’s finding that Claimant no longer had work restrictions as of March 1, 2005. See § 440.15(4)(a), Fla. Stat. (2008) (stating TPD payable where medical conditions create restrictions on employee’s ability to return to work). Further, we affirm the JCC’s denial of the claim for authorization of a doctor, because competent substantial evidence supports the JCC’s finding's that Claimant failed to establish the medical necessity of this care. See Laxner v. Target Corp., 41 So.3d 396, 397 (Fla. 1st DCA 2010).
Accordingly, we REVERSE and REMAND the JCC’s denial of TPD benefits from November 2, 2004, through February 28, 2005, for additional proceedings, and AFFIRM the remainder of the order on appeal.
VAN NORTWICK, THOMAS, and MARSTILLER, JJ., concur.