PER CURIAM.
In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) that denies Claimant’s entitlement to temporary partial disability (TPD) benefits, arguing three errors: (1) the JCC abused his discretion in denying Claimant’s motion to reopen the record to admit Claimant’s deposition into evidence; (2) the JCC improperly placed the burden on Claimant to demonstrate a causal connection existed between the loss of wages and her injuries after Claimant’s termination; and (3) the JCC erred in denying Claimant’s claims for penalties, interest, costs, and attorney’s fees. Because we reverse the order on appeal based upon Claimant’s second issue alone, we decline to comment on Claimant’s first issue, and reverse and remand the associated denial of penalties, interest, costs, and attorney’s fees.

BACKGROUND

The relevant facts are not in dispute. On April 16, 2010, Claimant injured her left knee and both hands in a compensable slip and fall accident. When Claimant returned to work after the accident, specifically after surgery to her left knee, she was under light-duty work restrictions as recommended by her authorized treating physician to limit standing to two hours at a time and allow thirty minutes during the day to elevate her left leg. To accommodate Claimant’s work restrictions, the Employer assigned other employees within Claimant’s division to assume duties that Claimant was unable to perform.
On June 23, 2011, Claimant’s physical restrictions were revised, and Claimant was restricted from standing more than one hour without a fifteen minute break, walking more than two hundred feet from the building, stair climbing, and squatting. She was also instructed to sit at least six hours per day and elevate her left leg with ice every four hours. The Employer withdrew the accommodations on July 13, 2011, and informed Claimant that she was terminated because she was unable to meet her deadlines.
On August 15, 2011, Claimant filed a petition for benefits (PFB) seeking, among other benefits, TPD benefits from August 4, 2011, to the present and continuing. The E/C denied the claim and asserted, “Light duty has always been available since the date of injury. Employee was terminated for cause, and light duty was offered until date of termination.”
In the final order, the JCC found that Claimant had successfully demonstrated a causal connection between the injury and her loss of employment. The JCC rejected the E/C’s argument that Claimant was terminated for reasons unrelated to her compensable injuries. Consequently, the JCC awarded Claimant TPD benefits from August 4, 2011, to the present and continuing.
The following day, the JCC, sua sponte, issued an Amended Final Compensation Order denying and dismissing Claimant’s claim for TPD benefits, with prejudice. The JCC denied benefits on the basis that, although “Claimant remained eligible to receive TPD benefits subsequent to her termination,” Claimant failed to meet her burden to prove that, “after the termination, a causal connection existed between the loss of wages and the injuries” by providing evidence of an unsuccessful job search.

ANALYSIS

This court reviews for competent substantial evidence a JCC’s ruling as to *768 whether a claimant is entitled to temporary disability benefits. See Fardella v. Genesis Health, Inc., 917 So.2d 276, 277 (Fla. 1st DCA 2005). Evidence of an unsuccessful job search is an alternate means by which a claimant may establish a causal relationship between a claimant’s compen-sable injuries and claimant’s temporary partial wage loss where the claimant is unable to establish that her compensable restrictions precluded adequate performance of her prior job. See Wyeth/Pharma Field Sales v. Toscano, 40 So.3d 795 (Fla. 1st DCA 2010). A job search is not required when a claimant establishes that termination was caused by the claimant’s inability to perform her job due to her compensable injuries. Id. The cause of the claimant’s displacement from employment and wages, once established, remains the cause until an intervening or superseding cause is established. See id. at 803. This court has explained, “The requirement of a job search has not been applied to periods of [temporary partial disability] where the immediate and identifiable post-injury cause of the loss of wages is the injury itself.” Alie v. Crum Staffing, Inc., 41 So.3d 1007, 1008 (Fla. 1st DCA 2010) (quoting Toscano, 40 So.3d at 802-03).
Here, Claimant established to the JCC’s satisfaction that, as a result of her workplace injuries, she was unable to successfully perform the tasks of her pre-injury job. The JCC found, “When, as here, Claimant can show that her capabilities preclude an adequate performance of her assigned job duties, the Claimant has shown a causal connection between the injury and her loss of employment.... When the Claimant was terminated, she experienced a reduction of her income to zero.” This meant that Claimant was able to earn less than 80% of her average weekly wage, a statutory prerequisite of entitlement to TPD benefits. Thus, there is no competent substantial evidence to support the JCC’s finding that Claimant did not establish a prima facie basis of entitlement to TPD benefits.
Moreover, the Workers’ Compensation Law contains express affirmative defenses to TPD benefits, of which the E/C bears the burden of persuasion. For example, TPD benefits are not payable if the employee is terminated from post-injury employment for “misconduct.” See § 440.15(4)(e), Fla. Stat. (2009). Here, the JCC rejected the E/C’s argument that Claimant was terminated for reasons unrelated to her compensable injuries; rather, the JCC found Claimant’s termination— and thus her displacement from gainful employment — was related to her compen-sable injury. Because the JCC erred, as a matter of law, in applying an improper legal standard in determining Claimant’s entitlement to TPD benefits, we reverse the order on appeal and remand for entry of an order consistent with this opinion.
REVERSED and REMANDED.
MARSTILLER, RAY, and SWANSON, JJ., concur.