PER CURIAM.
We have for review a workers’ compensation case that presents three issues on appeal and one on cross-appeal. We affirm in part and reverse in part for the following reasons.
The Employer/Carrier (E/C) first argues the Judge of Compensation Claims (JCC) erred in the method he employed in directing its recoupment of an advance payment of compensation made to Claimant pursuant to section 440.20(12)(c)l., Florida Statutes (2010). We affirm without comment.
The E/C next argues the JCC erred in awarding payment of medical bills for unauthorized medical services provided to Claimant between March 21, 2011, and March 25, 2011. The bills were deemed by the JCC to have been provided “on an emergency basis.”
The law provides that a JCC’s award of unauthorized emergency room treatment is reviewed for competent, substantial evidence. See Chudnof-James v. Racetrac Petroleum, Inc., 827 So.2d 369, 370 (Fla. 1st DCA 2002) (reversing JCC’s award of medical expenses for emergency room treatment where competent, substantial evidence failed to support finding of medical necessity and causal relationship). It was Claimant’s burden to prove that the treatment was necessitated by the injury which “arose as a result of a work-related accident.” § 440.13(3)(b), Fla. Stat. (2010). The causal relationship “for conditions that are not readily observable must be by medical evidence only....” § 440.09(1), Fla. Stat. (2010). See also Orange County MIS Dep’t v. Hak, 710 So.2d 998, 999 (Fla. 1st DCA 1998) (holding claimant’s lay testimony about cause of back condition, taken alone, was not competent evidence of medical causation). Notwithstanding the JCC’s finding that the services were provided on an emergency basis, there is no medical evidence that the services were causally related or medically necessary for Claimant’s compensable injury. Claimant’s testimony, standing alone, will not support a finding that the treatment was causally related and medically necessary for her compensable back injury. Thus, the JCC’s award of payment for the bills lacks the support of competent, substantial evidence. Accordingly, we reverse the award of payment of the bills for services provided between March 21 and March 25, 2010. Likewise, we reverse the award of entitlement to any attorney’s fee and taxable costs associated with the reversed award of medical bills.
Finally, on cross-appeal, Claimant challenges the JCC’s denial of temporary partial disability benefits for three days— March 26 through 28, 2011. The JCC found, and it is unchallenged, that Claimant “had restrictions on her physical activity after the date of the accident throughout the remainder of her employment with the employer here [and] that ended on March 28, 2011 when Dr. Sharf took her *547 off work completely.” Claimant testified her job required her to regularly lift up to twenty pounds and, on occasion, she was required to lift weight in excess of even that amount. On February 16, 2011, Dr. Sharf limited Claimant’s lifting to no more than ten pounds, along with no prolonged bending, stooping, squatting, crawling, or kneeling.
Nevertheless, the JCC awarded temporary partial disability benefits only through March 25, 2011, and denied benefits for the period March 26 through March 28 on grounds that Claimant had not shown why she had not worked on those days. The JCC applied an incorrect legal standard in denying those three days.
This Court, in Wyeth/Pharma Field Sales v. Toscano, 40 So.3d 795, 799 (Fla. 1st DCA 2010), stated:
Generally, the test used to determine whether physical limitations after an accident are a contributing causal factor to a loss of wages is whether a claimant’s capabilities allow her to return to and adequately perform her prior job with the employer, and whether the workplace injury caused a change in employment status resulting in a reduction of her wages below 80% of her pre-injury average weekly wage.
See also Interim Servs. v. Levy, 843 So.2d 915, 916-17 (Fla. 1st DCA 2003) (stating that in order to establish causal relationship between injury and wage loss, “a claimant can show that his or her capabilities preclude adequate performance of his or her prior job”).
Thus, once Claimant satisfied her initial burden of proving the causal connection for the wage loss, that cause remained the established cause unless and until an intervening or superseding cause for the wage loss was demonstrated by the E/C. See Toscano, 40 So.3d at 803 (“[T]he cause of a claimant’s displacement from employment and wages, once established, remains the cause unless an intervening or superseding cause is established.”). See also Thayer v. Chico’s FAS, Inc., 98 So.3d 766, 768 (Fla. 1st DCA 2012) (same, citing Toscano). Because the JCC did not find that the E/C established either of its affirmative defenses (deemed earnings because work was available or voluntary limitation of income — either of which would have been an intervening or superseding cause), the JCC erred in denying payment of benefits for those three days. Accordingly, the JCC’s denial of temporary partial benefits for March 26, 2011, to March 28, 2011, is reversed. On remand, the JCC is directed to enter an order awarding the same.
AFFIRMED in part, REVERSED in part, and REMANDED for entry of an order consistent with this opinion.
LEWIS, THOMAS, and MAKAR, JJ., concur.