IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THG RENTALS & SALES OF
CLEARWATER, INC./SUMMIT
HOLDINGS – CLAIMS
CENTER,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-970

        Appellants,

v.

JAMES C. ARNOLD,

        Appellee.

_____/

Opinion filed July 6, 2016.

An appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident: August 6, 2013.

H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for
Appellants.

Bradley Guy Smith of Smith, Feddler & Smith, P.A., Lakeland, and Wendy S.
Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellee.


ON MOTION FOR REHEARING

PER CURIAM.

The Employer/Carrier (E/C) moves for rehearing on the merits, arguing that repleading its misrepresentation defense is unnecessary and potentially problematic in the unique procedural posture of this case. On consideration of the E/C's arguments and the pertinent portions of the record, we agree. Accordingly, we grant the E/C's motion for rehearing, withdraw our previous opinion, and substitute the following in its place.

In this workers' compensation case, the Employer/Carrier (E/C) appeals, and Claimant cross-appeals, an order of the Judge of Compensation Claims (JCC) rejecting the E/C's misrepresentation defense and awarding benefits to Claimant. We reverse and remand because the JCC too narrowly analyzed the E/C's misrepresentation defense. We conclude that the E/C initially did not plead its misrepresentation defense in sufficient detail as required by Florida Administrative Code Rule 60Q-6.113(2)(h). Nevertheless, we decline to reverse or remand for repleading because the record reflects that the Claimant did not assert this specificity objection until two days before trial, and that very same day the E/C filed its pretrial memorandum setting forth the specific details of its misrepresentation defense and evidentiary support for it. The specifics of the defense were then fully litigated at trial. Therefore, repleading would serve no useful purpose here.

Facts

Claimant suffered compensable injuries to both his back and right knee.

2

During the proceedings below, Claimant filed five petitions for benefits (PFBs) seeking medical and indemnity benefits with respect to both injuries. By the time of Claimant's third PFB, the E/C began denying entitlement to benefits "based on misrepresentation," which it subsequently described in the joint pretrial stipulation as: "'Misrepresentation,' in violation of §§ 440.09 and .105, F.S. (physical abilities and post-accident earnings)."

By the time of the final hearing, Claimant sought medical and indemnity benefits only for his compensable right knee injury. In a trial memorandum filed two days before the hearing, Claimant asserted, for the first time, that the E/C's misrepresentation defense lacked the specificity required by rule 60Q-6.113(2)(h). That same day, the E/C filed its trial memorandum, providing substantial additional factual detail and legal argument about the basis of the misrepresentation defense. At the hearing, the JCC found that the E/C's defense was pled with sufficient specificity because it "put the Claimant on notice as to what that defense means." The E/C proceeded to present video surveillance, evidence of earnings, and the testimony of doctors who treated Claimant's back injury to demonstrate that Claimant had not been truthful with his doctors. But the JCC ultimately rejected the misrepresentation defense because the alleged misrepresentation did not relate to Claimant's right knee, but only to his back injury. And, according to the JCC, "the issues regarding the claimant's back are not before me." The JCC awarded

3

Claimant's request for temporary partial disability (TPD) benefits.

## Standard for Establishing Misrepresentation

We conclude that the JCC too narrowly analyzed the E/C's defense by considering only whether the alleged misrepresentation related to Claimant's knee. The JCC apparently believed that to prove misrepresentation, the E/C had to link the allegedly false statements directly to the particular injury and benefits being sought, to Claimant's knee in this instance. But such a requirement is not found in the law.

Section 440.105, Florida Statutes, makes it illegal for any person to "knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of obtaining or denying any benefit or payment under this chapter" (emphasis added). And section 440.09(4)(a), Florida Statutes, bars benefits for an employee found to have "knowingly or intentionally engaged in any of the acts described in s. 440.105 . . . for the purpose of securing workers' compensation benefits" (emphasis added). Accordingly, this court has recognized that "it is not necessary that a false, fraudulent, or misleading statement be material to the claim; it only must be made for the purpose of obtaining benefits." Village of N. Palm Beach v. McKale, 911 So. 2d 1282, 1283 (Fla. 1st DCA 2005). Fraud "does not limit a claimant's forfeiture to those benefits that may have been obtained by virtue of the claimant's unlawful conduct." Wright v. Unifs. for Indus., 772 So. 2d 560 (Fla. 1st DCA 2000) (quoting Rustic Lodge v. Escobar, 720 So. 2d 1014, 1015

4

(Fla. 1st DCA 1999)). Thus, if Claimant made *any* misrepresentation for the purpose of obtaining benefits, then he is barred from entitlement to benefits, even if the misrepresentation is unrelated to his knee injury or benefits based on that injury.

Specificity of the E/C's Misrepresentation Defense

Claimant challenged the E/C's misrepresentation defense as failing to satisfy the requirements for pleading a misrepresentation defense under rule 60Q-6.113(2)(h), which provides:

> Any defense raised pursuant to Sections 440.09(4)(a) and 440.105, F.S., and any affirmative defense, must be raised <u>with specificity, detailing the conduct giving rise to the defense</u>, with leave to amend within 10 days. Failure to plead with specificity shall result in the striking of the defense. Any objections/responses to the affirmative defenses must be pled with specificity.

(Emphasis added.) Here, in its responses to Claimant's PFBs, the E/C asserted that it was denying the entire claim based on "misrepresentation," with nothing more. Then, in its pretrial stipulation, the E/C only identified two broad categories of alleged misrepresentations—"physical abilities" and "post-accident earnings"—without detailing the misrepresentative conduct. "Only *oral* or *written statements* can serve as the predicate for disqualification from benefits." <u>Dieujuste v. J. Dodd Plumbing, Inc.</u>, 3 So. 3d 1275, 1276 (Fla. 1st DCA 2009). In these papers, the E/C failed to identify any statement upon which it was basing its misrepresentation defense, and thus did not plead its defense in sufficient detail to satisfy the rule.

Later, however, in its pretrial memorandum filed on the same day as

5

Claimant's memorandum asserting the specificity objection, the E/C provided very substantial additional detail about the statements at issue and the evidence supporting the misrepresentation defense. We find that this additional detail satisfied the E/C's pleading burden and served as the functional equivalent of the amendment that rule 60Q-6.113(2)(h) prescribes must be permitted within ten days after a claimant objects on grounds of lack of specificity. The parties then proceeded to hearing fully informed of the specific grounds for the E/C's misrepresentation defense. Both parties' rights were protected, and as the E/C points out, remanding for a do-over now would serve no useful purpose and would have the potential to reward Claimant's belated assertion of the specificity objection with a second bite at the apple after hearing and appeal.

And so, taking account of both parties' rights, we remand with instructions to the JCC to determine whether Claimant made "any" statements afoul of subsection 440.09(4)(a), Florida Statutes, irrespective of whether the statements relate to the specific injuries for which Claimant is seeking benefits.

Lack of Job Search

Finally, we find no merit in the E/C's argument that Claimant in this case needed to present evidence of an unsuccessful good-faith job search in order to establish entitlement to TPD benefits. See Thayer v. Chico's FAS, Inc., 98 So. 3d

6

766, 768 (Fla. 1st DCA 2012); <u>Wyeth/Pharma Field Sales v. Toscano</u>, 40 So. 3d 795, 802 (Fla. 1st DCA 2010).

<u>Conclusion</u>

For the reasons explained above, we AFFIRM, in part, and REVERSE and REMAND for further proceedings in accordance with this opinion.

ROBERTS, C.J., OSTERHAUS, and KELSEY, JJ., concur.